No. 56.—Nelson Dickinson, plaintiff in error, *vs.* Samuel R. McCamy, defendant in error.

[1.] The Statute of Limitations is a wise and beneficial law, and instead of being viewed in an unfavorable light, as an unjust and discreditable defence, it should receive from the Courts of Justice such support as would make it what it was intended to be—a Statute of repose.

[2.] If there be no express promise, but a promise is to be raised by implication of law, from the acknowledgment of the party, such acknowledgment ought to contain an unqualified admission of a present subsisting debt, which the party is liable to pay, and not merely that the debt was once due.

[3.] An acknowledgment in the defendant's plea, that the signature to the note sued on, is his, accompanied with a protestation that the debt has long since been discharged, is not sufficient to take the case out of the Statute of Limitations.

Certiorari from Cherokee.   Refused by Judge Wright.

The facts are found in the opinion of the Court.

Brown, for plaintiff in error.

Akin, represented by Peeples, for defendant.

Dickinson *vs*. McCamy.

*By the Court.*—LUMPKIN, J. delivering the opinion.

On the 28th day of March, 1848, Nelson Dickinson applied to His Honor, AUGUSTUS R. WRIGHT, Judge of the Cherokee Circuit, for a *certiorari.* The petition stated that one Samuel R. McCamy commenced suit against the petitioner, in the 818th district, G. M. on a promissory note under thirty dollars, dated 22d Feb. 1836, and payable to the plaintiff one day after date. That at the appearance term, payment, and the Statute of Limitations, were pleaded. Judgment was rendered in the first instance, by the Justices, and finally by the Court and Jury, against the defendant, on the ground that his acknowledgment in his plea, that his signature to the note was genuine, took the case out of the operation of the Statute of Limitations, notwithstanding it was accompanied with a protestation, that the debt had been long since discharged, and although it appeared that more than six years had run, from the time the debt fell due, to the commencement of the suit. The record shows that the applicant had fully complied with the law, in this behalf enacted, by paying all costs which had accrued, and giving bond and security for the eventual condemnation money, and future costs. Judge Wright endorsed on the petition, " *The above and foregoing petition for certiorari overruled, and the certiorari not granted.*"

It has been suggested by the counsel for the defendant in certiorari, in the argument, that the Court below refused this application, as it does all others of like character, on the ground that he will not interfere with the litigation in Justices' Courts, believing it best for the peace and quiet of the community, that it should terminate there. No such reason is assigned in the record, and we are bound to believe that none such exists. It is made the duty of the Judges of the Superior Courts, to grant *certioraries* whenever a proper case is presented. Justice to the Judge, therefore, compels us to repel this imputation. Like all other judicial officers, our brother has sworn to administer *the law of the State the whole law*, whether reasonable or unreasonable, expedient or inexpedient. And we doubt not he will do it to the best of his ability.

The point, then, to be decided, is, does the acknowledgment by the defendant, in his plea, that his signature to the note is gen-

uine, take the case out of the Statute of Limitations, more than six years having elapsed before the suit was brought, after the note fell due, and notwithstanding the acknowledgment was accompanied with a protestation that the debt had been long since discharged?

Formerly, perhaps even this acknowledgment would have been deemed sufficient. *Hellings vs. Shaw,* 7 *Taunt.* 608. When I came to the bar, more than a quarter of a century ago, I recollect to have heard it said by one of the oldest practitioners, (Mr. Paine,) that a defendant could not open his mouth without taking the debt out of the Statute. And Lord Erskine said, the only safe course a defendant could take when his adversary sent a fishing witness, was to knock him down, for though he might be proceeded against for the assault, he retained the benefit of the Statute as regarded the debt.

[1.] Of late, however, the current of decisions is much more liberal in giving efficacy to this most benign measure. And the denial of the existence of the debt, is no longer tortured into an acknowledgment of a subsisting liability.

[2.] True a direct promise to pay, is not indispensably necessary. Nor is any set form of words requisite to take the case out of the Statute. The acknowledgment, however, must admit that the debt continues due at the time of the acknowledgment. *Bangs vs. Hall,* 2 *Pick.* 368. *French vs. Fragin,* 7 *J. J. Marsh.* 425. *Wetzell vs. Bussard,* 11 *Wheat.* 310. *Oliver vs. Gray,* 1 *Har. & Gill,* 204. *Furguson vs. Taylor,* 1 *Hayw.* 20. *Belles vs. Belles,* 7 *Hal.* 339. *Purdy vs. Austin,* 3 *Wend.* 387.

In *Clementson vs. Wilson,* 8 *Cranch,* 72, Chief Justice Marshall, in delivering the opinion of the Court, says: " The Statute of Limitations is entitled to the same respect with other Statutes, and ought not to be explained away. In this case there is no promise, but a simple acknowledgment. This acknowledgment goes to the original justice of the account, but this is not enough. The Statute of Limitations was not enacted to protect persons from claims, fictitious in their origin, but from ancient claims, whether well or ill founded, which may have been discharged, but the evidence of discharge may be lost. It is not, then, sufficient to take the case out of the act, that the claim should be proved or acknowledged to have been originally just; the acknowlment must go to the fact that it is still due."

Dickinson *vs.* McCamy.

We repudiate, then, those ancient adjudications, which not only wrest a man's words and actions but even his silence, into promises to pay. The English Judges deeply regret the latitude which their own decisions have assumed. Instead of treading in their steps, we propose to pause and adopt a course which is not only more congenial with our state of society, but more in accordance with both the letter and spirit of the Statute. And we are glad to find ourselves sustained in this instance, by the highest authority in this country, the Supreme Court of the United States.

[3.] In the opinion of this Court, therefore, the judgment in the Justice's Court was not warranted by the evidence, but the plea of the Statute of Limitations ought to have been sustained; and the Circuit Judge erred in not granting a certiorari on that ground. The judgment of the Circuit Judge must consequently be reversed, and the certiorari sanctioned.

Judgment reversed.