No. 84.—ETHAN BREWER and another, ex'rs, &c. plaintiffs in error, *vs.* CLARK BREWER.

[1.] The writ of error will not be dismissed because the record does not show that the costs in the Court below have been paid.

A preliminary motion was made in this case to dismiss the writ of error, on the ground that the costs in the Court below were not paid, and the cause was not brought up *in forma pauperis.*

CONE, for the motion.

DAWSON, contra.

[1.] It is now settled that the acknowledgement, in order to bar the Statute of Limitations, must contain a promise to pay, either express or implied, and that an implied promise is created from an acknowledgment of a present subsisting debt.

Assumpsit, in Jasper Superior Court. Tried before Judge MERRIWETHER, April Term, 1849.

Suit was commenced by the executors of Drewry Brewer against Clark Brewer, upon the following acknowledgment:

"I do hereby acknowledge the credit of three hundred and thirty-two 50-100 dollars to be due to the estate of Drewry Brewer, deceased. August 5th, 1847.

[Signed,]                    CLARK BREWER."

The credit referred to was alleged to be upon the following note:

"On or before the 25th of December next, we or either of us promise to pay Elner Skinner, or bearer, seven hundred and fifty-nine dollars, for value received. May 24th, 1838.

[Signed,]          CLARK BREWER,
                   ETHAN BREWER, Security."

"Received, May 29th, 1838, of the within note, three hundred and thirty-two dollars and fifty-cents.

"Received sixty dollars. December 21st, 1838.
                              E. SKINNER.

"Received on the within note, sixty-five dollars. March 13th, 1830.

ELNER SKINNER,
          by J. A. SANONTON."

The defendant pleaded the Statute of Limitations.

Upon the trial the Court charged the Jury, that "under the decisions made by the Supreme Court of the State of Georgia, the said acknowledgment did not take the case out of the Statute of Limitations."

And to this decision exceptions were filed.

W. C. DAWSON, for plaintiff in error.

A. REESE and CONE, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Does the written acknowledgment of Clark Brewer, given to the executors of Drewry Brewer, take the case out of the Statute of Limitations ?

[1.] To my mind it is, to all intents and purposes, a *due bill,* and might very properly have been declared on as such. The presiding Judge, in ruling that this acknowledgment was not sufficient to take the case out of the Statute, cited as authority, *the decisions of this Court.* None are designated. We apprehend that His Honor was misled by the oral report of some unpublished opinion.

In *Dickinson vs. McCamy,* (5 *Ga. Rep.* 486,) we say—"A direct promise to pay is not indispensably necessary. Nor is any set form of words requisite to take the case out of the Statute. The acknowledgment, however, must admit that the debt continues due at the time of making it." And in *Broach vs. Martin and others,* (6 *Ga. Rep.* 21,) this Court expressly recognize and adopt the position of Mr. *Angell* on this subject, namely : that the new promise, to take the case out of the Statute, may be either express or implied ; *and that an implied promise will be inferred from a clear and unqualified acknowledgment of the debt.* Not that it was once due and owing, but that the liability still subsists. Beyond this we have never gone.

Believing, therefore, that the written acknowledgment of the defendant in this case is sufficient, both on the score of amplitude and definiteness, we must reverse the judgment.