## J. W. SULLIVAN AND JAMES D. RYAN *v.* THE TRIUNFO GOLD AND SILVER MINING COMPANY, AND E. P. FLINT *et als.*, ITS BOARD OF TRUSTEES.

Assessment on Stock of Mining Corporation.—The Board of Trustees of a corporation formed for the purpose of carrying on mining have the power to levy and collect, for the purpose of paying the proper and legal expenses of the company, assessments exceeding ten thousand dollars, even though the by-laws provide that the Trustees shall not have power to incur an indebtedness exceeding ten thousand dollars, and the indebtedness then incurred and existing exceeds that amount.

Enjoining Trustees of Corporation.—The Trustees of a mining corporation will not be enjoined from selling stock for unpaid assessments, in cases where the assessment is levied for the purpose of paying the proper and legal expenses of the company, if the assessment does not exceed the amount allowed by law.

Appeal from the District Court, Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*S. M. Wilson, D. S. Wilson,* and *J. S. Blatchley,* for Appellants, argued that the by-laws limiting the amount of debt to

74

be created could not affect the strangers to whom the money was due, and was binding upon no one but the members and officers of the corporation, and cited Angell & Ames on Cor., 7 Ed. 363, Sec. 359 ; *Mechanics' Bank* v. *Smith,* 19 John. 115; and *Susquehanna Insurance Company* v. *Perrine,* 7 Watts & S. 348. They also argued that the debts were binding on the company, notwithstanding the by-laws, and that the corporation could not disaffirm its own contracts, and cited Angell & Ames on Cor. 131 ; *California State Telegraph Company* v. *Alta Telegraph Company,* 22 Cal. 429 ; *Parish* v. *Wheeler,* 22 N. Y. 494; and *Baird* v. *Bark Washington,* 11 Sergt. & R. 411. They also contended that a single stockholder could not enjoin the proceedings of a corporation or its officers, except where the acts complained of were beyond the corporate power, and cited 18 How. 336, and *Zabriskie* v. *Cleveland, Col. & Cin. R. R. Co.* 23 How. 381.

*Edward F. Head,* for Respondents, made the point that if the powers of the Board of Trustees was circumscribed by by-laws they had no power to bind the principal beyond it, and cited Angell & Ames on Cor., 2 Ed. 242 ; *Wyman* v. *Hall et al.,* 17 Mass. 29. He also contended that the question whether the corporation was bound to pay the debt could not be considered on this motion. He also argued that the by-law was not directory merely, and cited *Wallace* v. *City of San José, ante,* 180 ; *Salem Bank* v. *Gloucester Bank,* 17 Mass. 1; *Foster* v. *Essex Bank,* 17 Id. 479; and *White* v. *Westport Manufacturing Company,* 1 Pick. 115.

By the Court, CURREY, C. J.

The Triunfo Gold and Silver Mining Company is a corporation organized under the laws of this State for the purpose of carrying on the business of mining in Lower California. Its principal office has been, since its organization, in the City and County of San Francisco. The plaintiffs were, at the time this action was commenced, stockholders and members

of said company, and the defendants named in the complaint were stockholders and members of the company on the first Monday of May, 1864, and were on that day elected trustees thereof, and the same trustees were in office at the time this action was commenced.

For the purpose of carrying on the business of the corporation in Lower California, the trustees appointed an agent or Superintendent, under whose management the company had become indebted on the 6th of July, 1865, in a sum exceeding thirty-five thousand dollars, at which date the trustees levied an assessment of three dollars per share on the assessable stock of the company, amounting in the aggregate to the sum of fifteen thousand six hundred and forty-two dollars, for the purpose of paying the necessary mining expenses of the company. The greater portion of the indebtedness incurred under the management of the Superintendent seems to have been without the knowledge of the trustees and without their direct consent, and was a matter of surprise to them when they discovered the extent to which the company had become involved. This indebtedness was incurred for labor, materials and supplies furnished to the company at its mine and mill in Lower California, and consisted of debts or claims which were valid and were liens by the laws of Mexico on the mine and mill of the company.

At the time of levying the assessment of three dollars per share against the assessable stock of the company, the plaintiff Sullivan owned six hundred and thirty shares, and the plaintiff Ryan one hundred shares of the assessable stock of the company. They refused to pay the assessment or tax imposed upon their stock, and in due time the trustees advertised the same to be sold at public auction in the mode provided by the statute for the purpose of making thereby the sums of the respective assessments. Whereupon the plaintiffs commenced this action to restrain the trustees from selling their stock, and from further increasing the debts of the company, and praying that the said assessment might be declared illegal and void. The Court granted an injunction restraining the trustees from

selling the plaintiffs' shares of stock. The trustees filed a verified answer to the complaint and then moved, on the pleadings and affidavits, for a dissolution of the injunction, which motion was denied, and from this decision of the Court the trustees have appealed.

The by-laws of the company are set forth in the plaintiffs' complaint, from which it appears that the corporate powers of the company were vested in seven trustees, who were to remain in office for one year from the date of their election and until their successors might be chosen. . The Sixth Article of the by-laws, among other things, provides that the trustees shall have power to incur such indebtedness as they may deem necessary, not exceeding ten thousand dollars; and the Seventh Article declares it to be the duty of the trustees to make all assessments necessary, and collect the same in manner and form prescribed by the laws of the State of California and the by-laws of the company.

If it be assumed that by the Sixth Article of the by-laws the trustees had no authority to incur a debt exceeding ten thousand dollars, it does not result therefrom that they had not the authority to levy and collect, for the purpose of paying the legal and proper expenses of the company, assessments upon the capital stock thereof, even though the amount to be raised by such means might exceed ten thousand dollars. The trustees of any corporation formed under the general laws of this State had the power, when the assessment in this case was levied, to levy and collect, for the purpose of paying such expenses, assessments upon the capital stock of the corporation not to exceed five per cent of such capital stock, provided no previous assessment then remained unpaid or uncollected. (Laws 1864, p. 402.) It does not appear from the complaint or answer, or by the affidavits submitted on the motion to dissolve the injunction, that any previous assessment then remained unpaid or uncollected, and it is not to be presumed for the plaintiffs that such was the fact.

It is unnecessary to decide whether it was the duty of the trustees to provide for the payment of the debts incurred under

the management of the Superintendent at the mine, because the case presented does not involve that question, but only involves the power of the trustees to levy and collect the assessment sought in this case to be annulled as illegal and void.  For aught that appears the trustees had the power to do what they had done and what they were attempting to do at the time this action was commenced in respect to levying and collecting the assessment in question.

The order refusing to dissolve the injunction is reversed, and the Court below is advised to dissolve the injunction granted.