[No. 728.]

## AARON D. TREADWAY, RESPONDENT, *v.* JONAS WILDER, APPELLANT.

STATUTE OF LIMITATIONS, HOW CONSTRUED.—The statute of limitations, like any other statute, is to be construed according to the manifest intention of the legislature, and in ascertaining such intention the language used should be construed, if possible, according to the usual meaning of the words used.

IDEM—LEGAL TITLE.—Under section 1022, vol. I Compiled Laws, a party is entitled to maintain an action for the possession of real property at any time before the expiration of five years of adverse possession after he obtained the *legal* title.

IDEM—CERTIFICATE OF PURCHASE—Where the legal title remains in the government until the issuance of a patent the statute of limitation does not commence to run until that date, the time between the date of the certificate of the purchase and of the issuance of the patent is not to be computed as a part of the five years of adverse possession.

RIGHT OF TRIAL BY JURY.—The right of trial by jury is a sacred constitutional right of which no litigant, in a proper case, can be deprived without his consent.

IDEM—JURISDICTION OF COURT.—A court has no jurisdiction to try an issue of fact in an action at law unless a jury is waived by consent of parties.

IDEM—WHEN A NEW TRIAL SHOULD BE GRANTED.—If the court refuses a demand for a jury to try issues of fact in an action at law, and tries the case without a jury, it is the duty of the appellate court, notwithstanding the fact that such issues may have been fairly tried and proper judgments rendered by the court, to grant a new trial. [BEATTY, J., *dissenting.*]

EQUITABLE ISSUES, HOW TRIED.—Where there are legal and equitable issues raised by the pleadings the equitable issues can be tried with or without the aid of a jury.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The facts are stated in the opinion of the court.

*Robert M. Clarke,* for Appellant:

I. The court erred in denying the defendant a jury. (Nash (Ohio) Pr. & Pl. 71–2; *Bodley* v. *Ferguson,* 30 Cal. 518; 36 N. Y. 569; 57 Id. 162; 44 Id. 554; 50 Id. 574; Waiver of Jury, sec. 1242 C. 8.)

II. Wilder, having occupied adversely for five years after pre-emption was completed and purchase-money paid, had title by prescription against Treadway. (1 C. L., secs. 1023–24; 50 Mo. 573; 43 Cal. 213.)

III. Treadway, having proved up and received his duplicate receipt for purchase-money, was the owner of the land and entitled to the possession thereof and could maintain an action for the possession. (*People* v. *Shearer,* 30 Cal. 647; *Hunt* v. *Howell,* 14 Id. 468; *Toland* v. *Mandell,* 38 Id. 43; 3 How. 441; 3 McLean, 108, 109; 4 Wallace, 218; *Byers* v. *Veal,* 43 Cal. 215; *Tyler* v. *Green,* 28 Id. 402; *McFarland* v. *Culbertson,* 2 Nev. 284.)

The moment Treadway became entitled to maintain his action the statute of limitations commenced to run, and five years thereafter his action was barred. (1 C. L. Nev., sec. 1049; 23 Mich. 34; 36 Cal. 540; and cases cited in *The 420 Mining Co.* v. *The Bullion Mining Co.,* 9 Nev. 243.)

*Ellis & King,* for Respondent:

I. The statute of limitations was not set in motion until after the patent of the United States was issued to respondent. (*Gibson* v. *Chouteau,* 13 Wallace, 93; *Henshaw* v. *Bissell,* 18 Wallace, 255; *Matthews* v. *Ferrea,* 45 Cal. 51; *Gardner* v. *Miller,* 47 Cal. 571; *Van Sickle* v. *Haines,* 7 Nev. 249; *M. M. & M. Co.* v. *Dangberg,* 2 Sawyer, 451.)

II. The court did not commit any error in refusing a trial by jury generally. There was no question raised

either by the pleadings, or upon the trial, as to the date of the patent or as to the time which had elapsed since its issuance, and before the bringing of the action, and if there had been, that is a question of law, to be determined upon a mere inspection of the pleadings by the court.

As to damages claimed, no evidence was offered; there is no finding nor judgment for damages, and upon the trial that claim was abandoned. (*Lake* v. *Tolles,* 8 Nev. 290–1.) This is strictly, as the pleadings and judgment stand, an equity case. The mere form of pleading is immaterial. Appellant first claimed affirmative relief, and sought a conveyance from respondent; his striking out that portion of his prayer could not change the character of his pleading and make it any less an equitable defense or cross-bill. (50 N.Y. 574; 8 Nev. 290; *Rose* v. *Treadway,* 4 Nev. 460; *Weber* v. *Marshall,* 19 Cal. 457; *Arguella* v. *Edinger,* 10 Cal. 159; *Estrada* v. *Murphy,* 19 Cal. 250.)

III. If in the result of the trial the appellant has not been deprived of any constitutional right; if by the action of respondent or the court, at any stage of the trial, all the rights of appellant have been preserved, as by waiver of damages, or by findings and judgment on all legal issues, in favor of appellant, then no reversal will be warranted. (9 Nev. 160; 13 Cal. 429; 32 Cal. 232–35; 45 Cal. 126, 128.) Where there are both legal and equitable defenses or causes of action, the court may separate the issues and first dispose of the equity features of the case, which may be controlling in their character. (19 Cal. 457; 10 Cal. 159; 19 Cal. 250.)

By the Court, LEONARD, J.:

Twice before, this action has been before this court on appeal. (8 Nev. 95; 9 Id. 69.) The character of the action is stated in the reports above referred to. The issues made by the pleadings at the last trial in the court below were the same as at former trials, with the exception that at the last defendant pleaded the statute of limitations, as follows: "That for more than five years prior to the commencement of this action, and for more than five years

since the plaintiff had a cause of action against the defendant, as alleged in the complaint, this defendant was in the actual, quiet and peaceable possession of the premises described in the complaint, and that he held, occupied and possessed said premises under claim of right, and adversely to the said plaintiff and all persons whomsoever, and that said possession has been open, notorious, peaceable and continuous; whereby the defendant has acquired, and now has, as against the said plaintiff, and as against all persons whomsoever, a right and title by prescription to the said premises described in the complaint."

Defendant demanded a jury trial, which was refused by the court. Plaintiff obtained judgment in his favor for the land in dispute described in the United States patent only; that is to say, the land in question outside of the town site of Carson. No damages were claimed by the plaintiff or awarded by the court. Appellant moved for a new trial, on the grounds:

First. "Errors of law occurring at the trial which were, then and there, duly excepted to by defendant;"

Second. "Insufficiency of the evidence to justify the findings and decision of the court, and that the same are against law."

The motion for new trial was denied, and this appeal is taken from the order denying the same.

Appellant's assignments of errors are as follows:

First. Errors of law occurring at the trial duly excepted to, to wit:

1. "The court erred in denying defendant a jury trial (the defendant having demanded the same), the action being ejectment to try the title and right of possession to land, and various issues of fact being raised therein. No equitable relief is demanded, and, under the pleadings, none could be granted;"

2. "The court erred in excluding the testimony of Adolphus Waitz, register of the United States land-office, and the records of said office. Said testimony was competent, relevant and material, proving that the plaintiff had entered that portion of the land in dispute outside of the town-site

limits of Carson city, and paid for the same on the fourth of March, 1865, and on the same day received the pre-emption certificate of payment. This testimony shows that plaintiff's right of action accrued to him on the fourth of March, 1865, and more than five years having elapsed from that date until the commencement of this action, the same was barred by the statute of limitation of actions, and the defendant had a valid claim by prescription to said land."

The third assignment of error, to wit: "Insufficiency of evidence to justify the findings," etc., as we regard the case, need not be considered.

This action was commenced in the court below May 9, 1871. According to the rejected evidence, respondent made proof and payment at the United States land-office as to the land outside of the town site of Carson city, March 4, 1865, and as appears on the face of the patent, introduced in evidence by respondent, the latter received a patent from the United States government conveying the last mentioned land to him, dated May 10, 1866.

We will first consider the second assignment of error stated. If the statute of limitation of this State commenced to run against respondent's cause of action at the date of proof and payment by him, to wit: March 4, 1865, instead of at the date of the patent, then the rejected evidence of Waitz, register of the land-office, together with the records of said office, was competent, relevant and material; otherwise not.

"Civil actions can only be commenced within the period prescribed in this act, except where a different limitation is prescribed by statute."

"In every action for the recovery of real property or the possession thereof, the person establishing a legal title to the premises shall be presumed to have been possessed thereof within the time prescribed by law; and the occupation of such premises by any other person shall be deemed to have been under and in subordination to the legal title, unless it appear that such premises have been held and possessed adversely to such legal title for five years before the commencement of such action." (1 Comp. L., secs. 1016, 1022.)

Under the section last quoted, it cannot be doubted that, respondent could maintain an action for the recovery of the lands in dispute, or for the possession thereof, at any time before the expiration of five years of adverse possession, after he had obtained the legal title.

Should it be admitted, then, as claimed by appellant, that respondent could have maintained an action of ejectment immediately after his proof and payment (which question we do not now decide), still, if the "legal title" did not pass from the government to respondent until the issuance of the patent, it follows, as to the land in dispute described in the patent, that even though respondent might have maintained this action on the fourth day of March, 1865, yet he was not barred, under the statute, from maintaining it at any time before the expiration of five years of adverse possession after the issuance of the patent to him.

It becomes necessary, then, to ascertain whether the statute of limitation in this case was set in motion at the date of proof and payment by respondent, or at the date of the patent.

It is well established that this statute should be construed like any other, according to the manifest intention of the legislature; and that in ascertaining such intention the language used should be construed, if possible, according to the usual meaning of the words used.

In speaking of the construction of a statute of limitation, Mr. Justice Livingstone, in 1812, said: "The court disclaims all right or inclination to put on statutes of limitation, which are found to be among the most beneficial, * * * any other construction than their words import. It is as much a duty to give effect to laws of this description * * * as to any other which the legislature may be disposed to pass. When the will of the legislature is clearly expressed, it ought to be followed without regard to consequences; and a construction derived from a consideration of its reason and spirit should never be resorted to, except where the expressions are so ambiguous as to render such mode of interpretation unavoidable." (*Fisher* v. *Harnden*, 1 Paine, C. C. 61.)

Chancellor Kent, in *Demarest* v. *Wynkoop* (3 Johns. Ch. 146), maintained that it would be not only impolitic, but contrary to established rule, both in law and in equity, to depart from the plain meaning and literal expression of these statutes. (See also *Phillips* v. *Pope*, 10 B. Mon. Ky., 163; . *Dickinson* v. *McCarny*, 5 Ga. 486.) The same views are generally, if not invariably, entertained by our state courts of the present day.

There are many decisions, all entitled to the greatest consideration, which hold that after proof and payment by a pre-emptor, he is, in fact, the owner of the land; that thereafter the government holds the land in trust for him; that thenceforth the government even cannot sell it to another or otherwise dispose of it, or appropriate it; that thereafter it is no longer a portion of the public domain, and that it can be taxed the same as though it had been conveyed by patent. But all of the decisions referred to, also hold that the legal title is in the government until the issuance of the patent, although the pre-emptor, after proof and payment, has such an equity that the government even cannot deprive him of the land. (*People* v. *Shearer*, 30 Cal. 647; *Beach* v. *Gabriel*, 29 Cal. 585; *Gibson* v. *Chouteau*, 13 Wall. 99; *Witherspoon* v. *Duncan*, 4 Wall. 218; 7 Ohio, 249; 16 Ohio, 34; *Estrada* v. *Murphy*, 19 Cal. 248; *Wilcox* v. *Jackson*, 13 Peters, 276; *Lindsey* v. *Miller's Lessees*, 6 Peters, 305; *Vansickle* v. *Haines*, 7 Nev. 250; *Astrom et al.* v. *Hammond*, 3 McLean, 109; *Fenn* v. *Holme*, 21 Howard's U. S. 488; *Union M. and M. Co.* v. *Dangberg*, 2 Sawyer, 455; *Mathews* v. *Fernea*, 45 Cal. 52.)

The "legal title" having remained in the government until the date of the patent to respondent, it follows that the statute of limitation did not commence to run until that date, and according to the principles laid down in *Vansickle* v. *Haines*, *supra*, that the time between the date of the certificate of purchase and of the patent is not to be computed as a part of the five years of adverse user necessary before the presumption of grant arises. (39 Ala. 38; 7 Ohio, 249; 15 Texas, 150.)

The court did not err in excluding the testimony of Waitz

and the records of the land-office. We have deemed it beneficial to both parties to decide the important question just considered, although the case must be returned for a new trial, by reason of errors disclosed by the first assignment.

The right of trial by jury is a sacred constitutional right, of which no litigant, in a proper case, can be deprived without his consent; and if any of the material issues, to try which either party has a right to demand a jury, be decided against him by the court upon proofs admitted without his waiver of a jury, he is deprived of a substantial right, guaranteed to him by the constitution and laws. A court has not jurisdiction to try an issue which the constitution and laws declare shall be tried by a jury, unless a jury be waived; and if it be tried by the court when a jury is demanded, the party against whom the judgment is rendered upon such issue, is not bound thereby. And, so far as we are able to find, in case of trial by the court where a jury trial is a right, and is not waived, courts do not inquire whether or not the cause has been fairly tried by the court, as they do in instances of error without injury when the cause is tried by the proper tribunal.

Numerous cases are reported which were referred to a referee when the parties had the right of a jury trial, and the result, invariably, was a reversal, although they were fairly tried and proper judgments were rendered. And the reason is patent: a court cannot try an issue which is triable by a jury, unless a jury is waived, for the same reason that a justice's court cannot try a cause where the amount in dispute is more than three hundred dollars. It has not jurisdiction. Besides, had the cause been tried by a jury, they might have disregarded the evidence introduced against the party demanding a jury. (*The United States* v. *Rathbone et al.*, 2 Paine U. S. C. C. 578; *McMartin* v. *Bingham*, 27 Iowa, 234; *Shaw, Administrator*, v. *Kent*, 11 Ind. 80; *Ware* v. *Nottinger*, 35 Ill. 377; *Hinchly* v. *Machine*, 3 Greene, N. J. 476; *Davis* v. *Morris*, 36 N. Y. 571; *Andrews* v. *Pritchell*, 66 N. C. 387; *Fire Department of New York* v. *Harrison*, 2 Hilton, 458; *Greason* v. *Keteltas*, 17 N. Y. 491;

*Brown* v. *Hannibal and St. Joseph Railroad Company,* 37 Mo. 299; *Inloes* v. *American Exchange Bank,* 11 Md. 185; *Cahoon et al.* v. *Levy et al.,* 5 Cal. 294; *The St. Paul and S. C. Railroad Company* v. *Gardner,* 19 Minn. 132; *Haskins* v. *Wilson,* 5 Wis. 106; *Scott et al.* v. *Russell et al.,* 39 Mo. 409.)

At the time a jury was demanded by appellant, so far as appeared by the complaint, this was purely an action at law.  Defendant, in his answer, denied the allegations of the complaint, and, in addition, set up the plea of the statute of limitation, and title by prescription; also, an equitable defense, to wit: The alleged verbal contract between him and plaintiff; that plaintiff, after obtaining the patent, would convey the land inclosed by defendant outside of the town-site.  There were, then, legal and equitable issues raised by the pleadings.  The last was an issue which the court could try with or without the aid of a jury.  Upon the other issues the defendant had a right to a jury, of which he could not be deprived without his consent.  In such case the true practice is laid down in *Weber* v. *Marshall* (19 Cal. 457).

As to the action of the court upon the issue of damages, as well as that of occupancy by respondent of the land in dispute within the town-site, as a necessary condition precedent to a conveyance thereof by the trustee, appellant cannot complain, for the reason that they were both found in his favor.  But the issue of adverse possession, and others touching the plea of the statute of limitations as to the land outside of the town-site, both of which were decided against him, he had an absolute right to have tried by a jury.  It is true that the burden of proof as to those issues was upon appellant, but he was not obliged to make any proof until he had a jury to try them.  We cannot presume that he put in all his proof upon those issues, inasmuch as a jury was denied him.  We are aware that a patent conveying to respondent the land in dispute outside of the town-site was introduced by respondent in evidence, bearing the date upon its face of May 10, 1866, less than five years prior to the commencement of this action.  Still, we do not know but appellant could and would have shown that such was not the true

date, if he had been permitted to do so before a jury. We only know that he was deprived of the opportunity of doing so against his express demand.   We are also aware, if a jury had been allowed, and the patent without objection admitted in evidence, that then its construction would have been a matter for the consideration of the court, and not the jury.   But this conclusion does 'not now follow for the reasons above stated.

The judgment of the court below is reversed, and a new trial ordered.

BEATTY, J., dissenting:

I dissent from the judgment of the court, in so far as it orders a re-trial of the equitable issues arising upon the answer of the defendant.

When the case was called for trial it presented two distinct classes of issues to be decided—equitable issues and legal issues.   According to the rule of *Weber* v. *Marshall* (19 Cal. 457), which, in the opinion of the court, lays down the correct practice in such cases, the district judge should have first tried and disposed of the equitable issues before calling a jury to try the issues involved in the case at law, and the defendant had no right to demand a jury trial of the whole case.   The court, therefore, committed no error in refusing the demand for a jury at the time it was made. The error which it did commit was in undertaking to decide the issue raised by the defendant's plea of title by prescription, as to which he was entitled to the verdict of a jury. This error, however, did not in any manner affect the decision of the equitable cause of action relied upon by the defendant as a separate and distinct defense.   There is no reason, therefore, why that decision should be set aside. There are two distinct questions to be decided.   One has been correctly decided; but, in the decision of the other, error has intervened.   The appellant is entitled to a retrial on the one question, but not of the other.

As to the questions principally discussed in the opinion of Justice Leonard, I concur in the conclusion that the plaintiff had five years after the issuance of his patent in which to commence his action.