## STUMPFF v. HARPER et al.

No. 13487—Opinion Filed Jan. 11, 1923.

Rehearing Denied April 24, 1923.

(Syllabus.)

1. **Appeal and Error—Dismissal—Effect as Affirmance.**

When an appeal is dismissed by this court, the effect is to affirm the judgment of the trial court.

2. **Same—Affirmance as Res Judicata.**

When this court, on appeal, affirms the judgment of the trial court, such judgment is res judicata as to the issues tried in said action by the court below.

3. **Same—Jurisdiction of Trial Court After Affirmance—Vacation of Judgment.**

When the party aggrieved by the judgment of the trial court appeals to this court and the judgment of the trial court is affirmed, and such judgment has become res judicata, the trial court is without jurisdiction to entertain a motion, application, or petition to vacate and set aside such judgment, or retry the issues that had theretofore been tried and adjudicated.

Error from District Court, Osage County; Charles B. Wilson, Jr., Judge.

Action by Florence H. Stumpff against W. J. E. Harper et al., in ejectment. On issues raised by Harper to recover under the Occupying Claimant's Act, judgment was rendered for defendant Harper. Plaintiff appeals. Reversed and remanded, with instructions.

Elmer L. Fulton, for plaintiff in error.

Leahy, McDonald, Burnett & Files and Gray & Miller, for defendants in error.

KENNAMER, J. This is the third time this case has been appealed to this court. The first appeal was entitled Stumpff v. Price, reported in 74 Oklahoma, 177 Pac. 109. The next appeal was entitled Harper v. Stumpff, reported in 84 Okla. 187, 203 Pac. 194. The facts and issues have been sufficiently set forth in the preceding appeals, therefore we deem it unnecessary to reiterate them here.

Prior to the appeal in Harper v. Stumpff, supra, two jury trials were had and two judgments rendered. On March 17, 1920, a jury was impaneled and sworn to try the cause, and it was there agreed that only the ejectment action should be tried. The jury, upon the same day, returned a verdict in favor of the plaintiff for the recovery of the possession of the premises and certain damages. On March 18, 1920, another jury was impaneled and the issue regarding the right of Harper to recover under the Occupying Claimants Act was submitted to this jury, which returned a verdict in favor of Harper for certain taxes paid by him, but did not allow anything for improvements. The court rendered judgment in accordance with the verdict of the jury. Harper filed motions for a new trial and asked to vacate each of these judgments so rendered by the trial court. The motions for new trial were overruled, and Harper attempted to appeal from each judgment, bringing them up to this court in one appeal. This appeal was dismissed for duplicity. The case should have ended here, but defendants Harper and the Aetna Building & Loan Association filed a request that they be given the benefit of the Occupying Claimants Act, and that the court set a day for trial of their rights as such occupying claimants, and that they recover compensation for lasting, valuable and permanent improvements made by them. Stumpff filed a motion to strike this request from the files. On March 29, 1922, the court overruled the motion to strike, and the court made an order vacating and setting aside the judgment rendered on March 18, 1920, and thereafter on an agreed statement of facts rendered judgment in favor of Harper and against Stumpff. Florence H. Stumpff perfected this appeal and appears here as plaintiff in error. Five specific assignments

of error have been set out upon which the plaintiff in error relies for reversal of the judgment of the trial court. It will only be necessary to consider the first and third assignments of error, which read as follows:

"First. The trial court erred in vacating and setting aside the 'judgment of the court rendered on March 18, 1920, wherein the defendant Harper was denied the right to recover for improvements placed on the premises in controversy.

"Third. The court erred in overruling the motion of plaintiff to strike from the files the motions of the defendants to be allowed the benefits of the Occupying Claimants Act."

These two assignments of error raise the same question, and will be considered together. The judgment of the trial court rendered on March 17, 1920, adjudging that Florence H. Stumpff was the owner of the land in controversy and entitled to the immediate possession thereof, was a final judgment, unless vacated on motion for a new trial, or appeal, or by some of the recognized legal proceedings for vacating a judgment, and this has not been done.

As stated in Harper v. Stumpff, supra, the court did not have a right to try any issue raised under the Occupying Claimants Act until a judgment had been rendered in favor of the plaintiff in the action for the possession of the premises, or unless the defendant in the action admitted ownership and right of possession. This being a final judgment, the trial of the issues under the Occupying Claimants Act on March 18, 1920, was not premautre. When this judgment of March 18, 1920, was rendered, it was a final judgment. It determined all of the rights of the parties in the action and concluded all further inquiry into the issues raised by the pleadings and left nothing further to be done except to carry it into execution. See Wells v. Shriver, 81 Okla. 108, 197 Pac. 460.

A motion for a new trial was filed for the purpose of vacating the judgment of March 18th. This was overruled by the court, and an appeal was taken to this court. Harper v. Stumpff, supra. The appeal was dismissed. More than two years had elapsed since the judgment was rendered, and the motion or application to vacate this judgment did not set up any grounds that gave the court any jurisdiction to set aside this judgment. The dismissal of the appeal had the effect of affirming the judgment of the trial court. If, when an appeal is dismissed, the party appealing may then go into the trial court and ask to have the judgment set aside and the case retried, there would be no end

to litigation. This is a very novel proceeding, and we are unable to see any reason why the court would even entertain the application. The issues attempted to be presented had become res judicata, and the court was without any jurisdiction whatever to entertain the motion to vacate the judgment. It would seem to us that the motion to strike would have been considered useless, because the trial court should have promptly entered an order refusing to consider the application to vacate the judgment for want of jurisdiction.

The judgment of the trial court is reversed, and this cause is remanded, with instructions to vacate and set aside the judgment rendered on the 29th day of March, 1922, and vacate its order granting a new trial, and to sustain the motion to strike and dismiss the application for a trial under the Occupying Claimants Act, because the court is without jurisdiction to entertain the same and proceeed to carry out the mandate of this court in the cause.

All the Justices concur, with the exception of PITCHFORD, V. C. J., who did not participate.