(No. 16951.—Reversed and remanded.)
SOL SEGAL, Plaintiff in Error, vs. THE CHICAGO CITY
RAILWAY COMPANY, Defendant in Error.

*Opinion filed February 16, 1927—Rehearing denied April 7, 1927.*

1. NEGLIGENCE—*when judgment of Appellate Court deprives plaintiff of a jury trial.* Where the evidence is conflicting in an action for personal injuries, the plaintiff's evidence tends to establish a cause of action, and the case is tried by jury, the Appellate Court, by reversing a judgment for the plaintiff without remanding the cause for a new trial, deprives the plaintiff of his constitutional right to a trial by jury.

2. APPEALS AND ERRORS—*when a judgment of Appellate Court may be reviewed by common law writ of error on constitutional question—minor.* A judgment of the Appellate Court rendered when the constitutionality of section 120 of the Practice act was a debatable question may be reviewed by a common law writ of error raising the constitutional question as to whether the action of the Appellate Court in reversing a judgment for the plaintiff without remanding the cause has deprived the plaintiff of the right to a jury trial, and where the plaintiff is a minor, the Appellate Court's judgment, under section 117 of the Practice act, may be reviewed at any time during the period of minority or within two years thereafter.

WRIT OF ERROR to the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding.

JAMES C. McSHANE, for plaintiff in error.

BUSBY, WEBER, MILLER & DONOVAN, (JOHN R. GUILLIAMS, and FRANK L. KRIETE, of counsel,) for defendant in error.

Per CURIAM:     On December 14, 1915, Sol Segal, a minor eight years of age, by David Segal his next friend, instituted suit in the superior court of Cook county against the Chicago City Railway Company to recover damages for

personal injuries. A jury trial resulted in a verdict for the plaintiff for $12,000. Motions for a new trial and in arrest of judgment were made and overruled and judgment was rendered upon the verdict. The defendant prosecuted an appeal to the Appellate Court for the First District, and that court on December 2, 1919, reversed the judgment of the superior court without remanding the cause but with a finding that the railway company was not guilty of the negligence charged in the declaration. (*Segal* v. *Chicago City Railway Co.* 216 Ill. App. 11.) On September 4, 1925, plaintiff sued out this writ of error to the Appellate Court, alleging in his assignment of errors that the Appellate Court rendered its final judgment, made its finding of fact and refused to remand the cause to the superior court by virtue of section 120 of the Practice act; that this section, and the judgment and finding of the Appellate Court pursuant to it, deprived the plaintiff of his right of trial by jury, abridged his privileges and immunities, denied him the equal protection of the laws and deprived him of his property without due process of law, contrary to the provisions of the State and Federal constitutions, and that in consequence section 120 of the Practice act is void. The defendant in error has moved to dismiss the writ of error for want of jurisdiction and has filed suggestions in support of its motion.

The question first to be determined is whether this court has jurisdiction of the writ of error.

The Appellate Court in its opinion on page 16 says: "We think the preponderance of the evidence is clearly against the verdict, thus necessitating, in the exercise of our powers and duty, a reversal of the judgment with a finding of fact that there was no negligence on the part of the defendant." Plaintiff in error in his brief and argument states: "The judgment and finding of the Appellate Court were based upon the holding that the preponderance of the evidence showed that defendant was not guilty of

the negligence charged, and not upon the ground that plaintiff's evidence did not tend to prove such negligence." The defendant in error, in the suggestions in support of its motion to dismiss, concedes that there was a trial by jury on conflicting evidence, and that the trial judge would not have been justified in directing a verdict for the defendant. It is therefore beyond controversy that in this case the evidence was conflicting and that the plaintiff's evidence tended to establish a cause of action.

The Appellate Court by reversing this judgment without remanding the cause for a new trial deprived the plaintiff in error of his constitutional right to a trial by jury. (*Mirich* v. *Forschner Contracting Co.* 312 Ill. 343.) A constitutional question thereupon became involved in this case for the first time. Section 120 of the Practice act provides, that if any final determination of any case, except in chancery, shall be made by the Appellate Court as the result of finding the facts concerning the matter in controversy different from the finding of the trial court, it shall be the duty of the Appellate Court to recite in its final judgment the facts as found, and the judgment of the Appellate Court shall be final and conclusive as to all the facts in controversy. This section, if construed literally, would apply to this case, and if so construed it would be unconstitutional. The opinion of the Appellate Court was filed on December 2, 1919. The opinion in *Mirich* v. *Forschner Contracting Co. supra,* was filed April 14, 1924, and it was then held that section 120 of the Practice act was intended to apply only to cases where a jury was waived in the trial court by agreement of the parties, or, where tried by jury, the trial court would have been justified in directing a verdict because the evidence did not tend to establish a cause of action but refused to do so, and that as applied to such cases this section was not unconstitutional.

When the Appellate Court reversed the judgment without remanding the cause the constitutionality of this sec-

tion was a debatable question, and the questions as to the validity of the statute and the construction of the constitution having arisen for the first time in the case in the Appellate Court, plaintiff in error had the undoubted right at that time to have the judgment of the Appellate Court reviewed by this court upon a common law writ of error sued out from this court. (*Mirich* v. *Forschner Contracting Co. supra; Sixby* v. *Chicago City Railway Co.* 260 Ill. 478; *State of Illinois* v. *Ajster,* 318 id. 230; *Haines* v. *People,* 97 id. 161.) The right to have this judgment reviewed upon a common law writ of error was a vested property right, of which plaintiff in error could only be divested by a failure to sue out such writ within the time prescribed by law for so doing. Section 117 of the Practice act provides: "A writ of error shall not be brought after the expiration of two years from the rendition of the decree or judgment complained of; but when a person thinking himself aggrieved by any decree or judgment that may be reversed in the Supreme Court or Appellate Court, shall be an infant, *non compos mentis* or under duress when the same was entered, the time of such disability shall be excluded from the computation of the said two years." As the record shows that plaintiff in error on December 14, 1915, was a minor eight years of age, he was still in his minority when the writ of error was sued out in this case, and his right to do so had not been barred by the Statute of Limitations.

For the error committed by the Appellate Court in reversing the judgment of the trial court with a finding of facts without remanding the cause to the superior court of Cook county the judgment of the Appellate Court is reversed and the cause remanded to that court, with directions that it either affirm the judgment of the superior court or reverse it and remand the case to that court for a new trial.      *Reversed and remanded, with directions.*