JOSEPH DAMATO, Plaintiff in Error, *vs.* THE CONSUMERS COMPANY, Defendant in Error.

*Opinion filed October 22, 1927.*

NEGLIGENCE—*when action of Appellate Court deprives plaintiff of jury trial.* Where the evidence is conflicting and that for the plaintiff tends to establish his cause of action a reversal of a judgment for the plaintiff, with a finding of facts by the Appellate Court without remanding the cause, deprives the plaintiff of his constitutional right to a trial by jury. (*Segal* v. *Chicago City Railway Co.* 325 Ill. 43, followed.)

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. S. C. STOUGH, Judge, presiding.

GEORGE F. BARRETT, and CHARLES V. BARRETT, (WILLIAM C. WERMUTH, of counsel,) for plaintiff in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

At the December term, 1917, of the superior court of Cook county, a judgment for $6500 was rendered upon the verdict of a jury in an action on the case against the Consumers Company in favor of Joseph Damato, a minor of the age of eleven years, for injuries resulting from a collision with a motor truck operated by a servant of the defendant. On appeal by the defendant the Appellate Court reversed the judgment with a finding of fact that the defendant in the operation of the truck was guilty of no negligence, and did not remand the cause. The plaintiff sued out a writ of error returnable to the June term, 1927, assigning as error the reversal of the judgment with a finding of fact, thereby depriving the plaintiff in error of his right of trial by jury.

In its opinion the Appellate Court states that the only contention made by the defendant necessary to be considered is that the verdict is against the manifest weight of the evidence, and that was the only question considered or decided, resulting in the finding of fact which has been mentioned. The evidence in the case was conflicting and the plaintiff's evidence tended to establish his cause of action. The defendant in error has filed no brief.

The case is parallel to that of *Segal* v. *Chicago City Railway Co.* 325 Ill. 43, and in accordance with the decision in that case it must be held that the judgment of the Appellate Court reversing the judgment of the superior court without remanding the cause deprived the plaintiff in error of his constitutional right to a trial by jury.

The judgment of the Appellate Court is therefore reversed and the cause is remanded to that court, with directions that it either affirm the judgment of the superior court or reverse it and remand the cause for a new trial.

*Reversed and remanded, with directions.*