MISTY MANAGEMENT CORPORATION AND TRI-AVIATION CORPORATION; AND THE STATE OF NEVADA UPON THE RELATION OF MISTY MANAGEMENT CORPORATION AND TRI-AVIATION CORPORATION, PETITIONERS, v. THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF ORMSBY, HONORABLE RICHARD L. WATERS, JR., THE JUDGE THEREOF, AND THOMAS DANIEL WYATT, RESPONDENTS.

No. 5282

April 17, 1967 426 P.2d 728

*E. M. Gunderson,* of Las Vegas, and *Ball, Hunt, Hart and Brown* and *George E. McGill,* of Long Beach, California, for Petitioners.

*Martillaro and Bucchianeri* and *Daniel R. Walsh,* of Carson City, for Respondents.

## OPINION

By the Court, THOMPSON, C. J.:

This is an original proceeding in prohibition to preclude the district court from hearing a motion to vacate a judgment upon

the ground that it is void. The judgment was entered in an action filed by Thomas Wyatt against Misty Management. Wyatt sought to set aside a deed to certain real property, and also requested damages. The case was tried to a jury. At the close of the evidence, Misty Management moved for a directed verdict. The motion was denied, and the case allowed to go to the jury. The jury favored Wyatt with its verdict. Misty Management then filed a motion for a judgment *n.o.v.* The court granted that motion, and directed the entry of judgment for Misty Management. Wyatt appealed, but his appeal was dismissed by this court for failure to comply with essential procedural requirements.[1] Wyatt then filed a motion in the district court to vacate the judgment. It is this motion to which the present prohibition proceeding is directed.

The motion to vacate the judgment entered at court direction for Misty Management, rests upon Rule 60(b)(3) which allows the court to relieve a party from a final judgment if it is void. That provision is normally invoked (either by motion, or by independent action) in a case where the court entering the challenged judgment was itself disqualified from acting, e.g., Osman v. Cobb, 77 Nev. 133, 360 P.2d 258 (1961), or did not have jurisdiction over the parties, e.g., LaPotin v. LaPotin, 75 Nev. 264, 339 P.2d 123 (1959); Foster v. Lewis, 78 Nev. 330, 372 P.2d 679 (1962), or of the subject matter of the litigation. None of these infirmities exist here. All agree that the district court enjoyed complete jurisdiction over the subject matter and the parties in the case of Wyatt v. Misty Management, and was not otherwise disqualified from acting. Wyatt's claim that the judgment *n.o.v.* is void does not rest upon a lack of jurisdiction in the traditional sense. Instead, it is his position that the judgment *n.o.v.* is void since there was substantial evidence to support the jury verdict, and the court was, therefore, deprived of power to set it aside. Additionally, he presses the notion that the court's action in granting a judgment *n.o.v.* denied his constitutional right to a jury trial. We think that his claims are without substance.

 █

If we were to assume, arguendo, that the court in granting the judgment *n.o.v.* incorrectly evaluated the legal effect of the proof offered at trial, the post-judgment remedy was by appeal. Annat v. Beard, 277 F.2d 554 (5 Cir. 1960). A judgment

[1]Daniel R. Walsh counsel for respondent in this proceeding was not counsel for Wyatt at trial or on appeal.

which is erroneously entered by reason of the trial court's improper view of the proof is not a void judgment within the meaning of Rule 60(b)(3). Cf. Annat v. Beard, supra; Ackerman v. United States, 340 U.S. 193 (1950). The propriety of the judgment *n.o.v.* which Wyatt now seeks to challenge by motion under Rule 60(b)(3) could have been presented to this court by a properly perfected appeal. As already noted, an appeal was attempted, but dismissed for procedural defaults. Wyatt slept on his rights in perfecting his appeal, and now asks the lower court to resolve a contention, which, had orderly procedure been followed, would have been resolved by us. Upon dismissal, the judgment *n.o.v.* became res judicata. Wight v. Montana-Dakota Utilities Co., 299 F.2d 470 (9 Cir. 1962); Stumpff v. Harper, 214 P. 709 (Okla. 1923); Vestal: Preclusion/Res Judicata Variables: Adjudicating Bodies, 54 Georgetown L.J. 857, 882 (1966). The words of Justice Douglas in United States v. Munsingwear Inc., 340 U.S. 36, 41 (1950) are apropos: "The case illustrates not the hardship of res judicata but the need for it in providing terminal points for litigation."

The notion that a favorable ruling upon a Rule 50(b) motion for judgment *n.o.v.* somehow violates the constitutional guaranty of a jury trial has been rejected by the United States Supreme Court. Neely v. Eby Construction Co., 386 U.S. 317 (1967), see also; Montgomery Ward & Co. v. Duncan, 311 U.S. 243 (1940). Further discussion on this point is not warranted.

Since the issue now sought to be presented to the lower court has become res judicata, and is not of jurisdictional stature, we rule that the court is without power to entertain the motion to vacate the judgment *n.o.v.* Stumpff v. Harper, supra. The case was terminated when the appeal was dismissed and the remittitur issued. The alternative writ of prohibition heretofore issued is made permanent.

ZENOFF, J., concurs.

COLLINS, J., dissenting:

The trial court's entertainment of a motion under Rule 60(b)(3) should be approved. It is true, as pointed out by the majority opinion, that direct attacks on a judgment under Rule 60(b)(3) are most often allowed in those cases lacking jurisdiction over the parties or subject matter. Yet I construe Rule

60(b)(3) to encompass a broader meaning. See Bass v. Hoagland, 172 F.2d 205 (5 Cir. 1949). As stated by C. J. Gibson in Abelleira v. District Court, 109 P.2d 942 (Cal. 1941):

" 'But in its ordinary usage the phrase "lack of jurisdiction" is not limited to these fundamental situations. For the purpose of determining the right to review by certiorari, restraint by prohibition, or dismissal of an action, a much broader meaning is recognized. Here it may be applied to a case where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no "jurisdiction" (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites. * * * Speaking generally, any acts which exceed the defined power of a court in any instance, whether that power be defined by constitutional provision, express statutory declaration, or rules developed by the courts and followed under the doctrine of stare decisis, are in excess of jurisdiction, in so far as that term is used to indicate that those acts may be restrained by prohibition or annulled on certiorari. * * *' "

Nevada has recognized the broader concept of jurisdiction in Treadway v. Wilder, 12 Nev. 108 (1877).

"The right by trial by jury is a sacred constitutional right, of which no litigant, in a proper case, can be deprived without his consent; and if any of the material issues, to try which either party has a right to demand a jury, be decided against him by the court upon proofs admitted without his waiver of a jury, he is deprived of a substantial right, guaranteed to him by the constitution and laws. A court has not jurisdiction to try an issue which the constitution and laws declare shall be tried by a jury, unless a jury be waived; and if it be tried by the court when a jury is demanded, the party against whom the judgment is rendered upon such issue, is not bound thereby."

Conceding that the Treadway case was decided prior to Nevada's adoption of the federal rules, it is nevertheless authority for the proposition that a court lacks jurisdiction when Nevada Constitution, Art. 1, § 3, is violated. (Also see Rule 38(a).)

The main issue, in my view, is whether an improper application of Rule 50(b) violates one's right to a jury trial as guaranteed by Art. 1, § 3, and Rule 38(a). The majority feels we are bound by the determination of Neely v. Eby Construction Co., 386 U.S. 317 (1967), and Montgomery Ward & Co. v. Duncan, 311 U.S. 243 (1940), which hold that the constitutional guaranty of a jury trial is not violated by granting a judgment n.o.v. However, those cases establish only that Rule 50(b)

is constitutional *when properly applied.* In footnote 2 of Justice Black's dissent in Neely v. Eby Construction Co. he states:

"Certainly if there were sufficient evidence to go to the jury, then Rule 38(a) and the Seventh Amendment preclude the Court of Appeals from directing a dismissal of petitioner's case after she obtained a jury verdict."

A careful reading of the record in this case discloses substantial conflicting evidence on all issues tried, including fraud practiced upon Wyatt by Misty Management, its officers and agents. Under these circumstances it was arbitrary and in excess of jurisdiction for the trial court to grant a judgment n.o.v. to defendant. At the close of Wyatt's evidence and again at the close of the case, the trial court reserved ruling on Misty Management's motion for directed verdict under NRCP 50, and submitted the case to the jury. The jury, all twelve concurring, found for Wyatt and against Misty Management on all issues, including a counterclaim. They answered ten detailed interrogatories also by unanimous action in favor of Wyatt and against Misty Management.

In Professor Moore's treatise it is stated:

"The standards for granting a motion for judgment n.o.v., on which the constitutionality of such action depends, are the same as those governing the direction of a verdict. * * * Thus, the motion for judgment n.o.v. may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment. Where there is conflicting evidence, or there is insufficient evidence to make a 'one-way' verdict proper, judgment n.o.v. should not be awarded. In considering the motion, the court must view the evidence in the light most favorable to the party who secured the jury verdict. And this approach governs the actions of appellate courts as well as trial courts." (5 Moore, Fed. Pract. § 50.07 (2)).

In discussing the case of Manaia v. Potomac Electric Power Co., 268 F.2d 793 (4 Cir. 1959), he states in § 50.07(1), at page 2355, regarding the constitutionality of judgments n.o.v.: "It must be recognized, however, as indicated in the opinion just quoted, that the constitutionality of the judgment n.o.v. is dependent on adherence to the standards limiting the power of the courts to invade the province of the jury." Segal v. Chicago City Ry. Co., 155 N.E. 757 (Ill. 1927); see De Pinto v. Provident Life Ins. Co., 323 F.2d 826 (9 Cir. 1963).

Title to Carson Hot Springs, Ormsby County, Nevada, improved real property, valued at $375,000, was restored to Wyatt by the jury's verdict. As a result of the judgment n.o.v.

he was deprived of that title without payment. In light of the above authority, it is my opinion that where a judge improperly invades the province of a jury in setting aside its verdict, the action constitutes an unconstitutional denial of right to a trial by jury and his resulting judgment is void.

I respectfully dissent.