RICHARD N. RENFRO and SANDRA M. RENFRO, Petitioners, v. HONORABLE WILLIAM N. FORMAN, District Judge of the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, Respondent, AMERICAN HONDA MOTOR COMPANY, INC., a Corporation and HONDA MOTOR COMPANY, LTD., a Japanese Corporation, Real Parties in Interest.

No. 14572

February 9, 1983          657 P.2d 1151

*Davenport & Perry,* Reno, for Petitioners.

*Cromer, Barker, Michaelson, Gillock & Rawlings,* Reno, for Respondent.

---

[1]Justice John Mowbray voluntarily disqualified himself from consideration of this case.

## OPINION

*Per Curiam:*

On May 19, 1982, Richard and Sandra Renfro received a judgment in district court against American Honda Motor Co., Inc., and Honda Motor Co., Ltd. Shortly thereafter, the Honda motor companies unsuccessfully filed motions for a judgment notwithstanding the verdict and for a new trial. The Honda motor companies appealed, and on December 28, 1982, we dismissed their appeal because the notice of appeal was untimely filed.

On January 4, 1983, after their appeal had been dismissed by this court, the Honda motor companies filed motions in district court seeking: (1) a certification of finality under NRCP 54(b);[1] and (2) an order staying execution of the judgment. These motions are pending in the district court. The Renfros have filed this petition for a writ of prohibition, seeking to prevent the district court from hearing these motions.

The Renfros contend that the Honda motor companies are estopped from asserting, in district court, the judgment's lack of finality. We agree. The Honda motor companies previously treated the judgment against them as final when they appealed to this court from the judgment, and when they did not request an NRCP 54(b) certification before they appealed. They are now estopped from asserting that the judgment was not final and that a certification of finality was necessary under NRCP 54(b). *See* State v. Commissioners Lander Co., 22 Nev. 71, 35 P. 300 (1894). *Cf.* Gamble v. Silver Peak, 35 Nev. 319, 323, 133 P. 936, 937 (1912) (opinion on reh'g) ("[a] party in an appellate

---

[1] The Honda motor companies contend that the district court's judgment did not adjudicate all the claims or the rights and liabilities of all the parties below, in particular, the claims of Robert Carnahan, dba Reno Honda Center, and the State Industrial Insurance System (formerly entitled the Nevada Industrial Commission).

court who has treated the judgment as final and asked that the same be affirmed or reversed will not be heard afterwards, when the decision has gone against him, to contend that the judgment was not final and the court therefore without jurisdiction to determine the questions presented on the appeal'').

The Renfros also correctly contend that this court's dismissal of the untimely appeal rendered the judgment *res judicata* and, therefore, the district court is precluded from entertaining the motions below. *See, e.g.,* Misty Management v. District Ct., 83 Nev. 180, 426 P.2d 728 (1967). Since the Renfros' judgment has become final and is *res judicata,* the district court is without power to entertain the motions below for a certification of finality under NRCP 54(b) and for a stay of execution of the judgment.

Accordingly, the writ of prohibition shall issue forthwith. *See* Misty Management v. District Ct., 83 Nev. 180, 426 P.2d 728 (1967). Cause appearing, we deny petitioners' request for an award of damages for delay pursuant to NRAP 38.[2]

---

[2]We express no opinion as to the district court's jurisdiction to rule on the motion for costs pending below, brought by the State Industrial Insurance System.