[For other cases involving this patent, see note to Goodyear v. Railroads, Case No. 5,563.]

## Case No. 13,655.
SUYDAM et al. v. EWING et al.
[2 Blatchf. 359.] [1]
Circuit Court, S. D. New York. Jan. 27, 1852.
PARTIES IN INTEREST — STATE PRACTICE — CAUSE REMOVED.

1. In a common law action, in the circuit court for the Southern district of New York,

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

the assignee of a non-negotiable contract has no capacity to sue upon it in his own name; the provision of the state Code of Procedure, requiring every suit to be brought in the name of the real party in interest, not having been adopted by that court.

2. And this practice applies not only to an action originally commenced in that court, but to one removed into that court from a court of the state, and to all the proceedings in such action after its removal.

3. Accordingly, where a debt was contracted with a copartnership, and afterwards the interests of some of the members of the copartnership in the debt were assigned, and then a suit at law was brought thereon in a court of the state, in the names of the real parties in interest, and was removed into the circuit court for the Southern district of New York, and afterwards one of the partners died: *Held*, that the suit must be continued in the circuit court in the names of the surviving partners, without any reference to the real parties in interest.

[Cited in Noyes v. Barnard, 11 C. C. A. 424, 63 Fed. 787.]

[Cited in brief in Ayres v. Western R. Corp., 45 N. Y. 264.]

This was an application, on behalf of surviving plaintiffs in three suits, for leave to revive and prosecute two of them in the names of Francis P. Sage, Ferdinand Suydam, Jr., and Charles Suydam, or in the names of Charles Suydam, and of Samuel S. Whitney, assignee of Francis P. Sage and Ferdinand Suydam, Jr., and the third in the names of Francis P. Sage, Henry L. Suydam, Ferdinand Suydam, Jr., and Charles Suydam, as surviving partners of the firm of Suydam, Sage & Co., or in the names of Charles Suydam, and of Samuel S. Whitney, assignee of Francis P. Sage and Ferdinand Suydam, Jr., and of Henry S. Wyckoff and Charles Suydam, executors of the last will and testament of Ferdinand Suydam, deceased. The facts were these: The defendants [William P. Ewing and George W. Ewing] became indebted to the firm of Suydam, Sage & Co. in the sum sued for in the last named cause, that firm being at the time composed of Ferdinand Suydam, Francis P. Sage, Henry L. Suydam, Ferdinand Suydam, Jr. and Charles Suydam. The other two actions were brought to recover balances due on debts contracted with the firm of Suydam, Sage & Co. when composed of Francis P. Sage, Ferdinand Suydam, Jr. and Charles Suydam. Prior to August 6th, 1850, Henry L. Suydam, Francis P. Sage and Ferdinand Suydam, Jr., assigned to Ferdinand Suydam all their interest in the said several debts. In November, 1850, the said suits were instituted in the supreme court of the state of New York, in the names of the real parties in interest, and attachments were issued therein and served on persons in the state of New York who had in their possession effects and credits of the defendants, in such manner as to bind those effects and credits. Each suit demanded over $500, exclusive of costs. The plaintiffs were citizens of New York, and the defendants were citizens of another state. In March, 1851, the suits were all of them duly removed by the defendants into this court, the appearance of the defendants in this court was perfected, and the suits were pending in this court. After the removal of the causes into this court, Ferdinand Suydam died, and Henry S. Wyckoff and Charles Suydam were duly appointed his executors. The other members of the respective firms with which the debts sued for in the several actions were contracted, were still surviving. The supreme court of New York appointed Samuel S. Whitney, assignee of Francis P. Sage and Ferdinand Suydam, Jr., in place of Ferdinand Suydam, deceased.

Samuel L. M. Barlow, for plaintiffs.

Benjamin F. Butler and Hiram Barney, for defendants.

BETTS, District Judge. The practice of the state courts has been changed by a recent act of the legislature, so that suits must now be brought in the name of the real party in interest. Laws N. Y. 1849, c. 438, § 111. Prior to that statute, the rule of proceeding in that respect was founded upon the practice of the king's bench in England, and required actions to be brought in the name of the party in whom the legal interest was vested. 1 Dunl. Prac. 36; Grah. Prac. 59; 1 Chit. Pl. 16, 17; 1 Tidd, Prac. 7. The United States courts follow the same rule, except where the assignee is authorized to sue in his own name by the custom of merchants or by statute. Winchester v. Hackley, 2 Cranch [6 U. S.] 342.

The rules of the United States supreme court adopt for the circuit courts the practice of the English king's bench, leaving to those courts the power to regulate the subject at their discretion. Rule 7, Sup. Ct. Aug. 1791; Acts Sept. 29, 1789, and May 8, 1792 (1 Stat. 93, 275). The standing rules of this court adopt the practice and modes of proceeding in force in the supreme court of the state of New York in 1838, in cases not regulated by express rule of the circuit or district court. Cir. Ct. Rule 102; Dist. Ct. Rule 240.

Under this state of the law governing this court in common law cases, the assignee of a contract has no capacity to sue upon it in his own name, unless it be negotiable in its nature. The action must be brought in the name of the person with whom the contract was made, or by his legal representatives in case of his decease.

In these causes, there are surviving members of the copartnerships with which the debts were contracted. The right of action has devolved upon the survivors, and suits for the debts can be maintained only in their names. The change made by the New York Code of Procedure, in respect to the competency of parties to sue in their own names, when they are the ones having the real interest in the matter in controversy,

does not apply to the United States courts, and cannot affect their course of practice until it is recognized and adopted by them. Wilcox v. Hunt, 13 Pet. [38 U. S.] 378; Craig's Case [Case No. 3,325]. In each of these causes, the debt sued for was contracted with a copartnership, members of which are surviving. The well-settled rules of pleading require actions for such demands to be prosecuted in the names of the surviving partners, whoever may be interested in the amounts after their recovery. 1 Chit. Pl. 12; Bernard v. Wilcox, 2 Johns. Cas. 374; Holmes v. D'Camp, 1 Johns. 34.

The proceedings in this court, after the transfer of the causes, must be the same as if the suits had been originally commenced here, and, accordingly, the declarations filed here must be in the names of the respective surviving partners, and must conform in structure to our modes of pleading. The plaintiffs are entitled to have orders entered for the continuance of the causes in such names, without prejudice to the attachments levied in the court below in the causes as there instituted and entitled.