# B. F. HASTINGS & CO. *v.* THE BURNING MOSCOW CO.

Neither the written stipulation in this case, nor the recitals in the judgment, show that defendant consented to a judgment for gold coin. Even if such consent had been given, it would not have conferred on the Court authority or jurisdiction to enter such a judgment.

Although that part of the judgment requiring payment in gold coin was void, yet it might be injurious to defendant.

This Court will reverse not only erroneous judgments, but void judgments.

APPEAL from the District Court of the First Judicial District, Hon. RICHARD RISING presiding.

The facts are stated in the Opinion.

*Hillyer & Whitman* and *J. H. Hardy*, for Appellants.

It is error to enter judgment for gold coin. (*Burling* v. *Goodman*, 1 Nevada, 314 ; *Milliken* v. *Sloat*, 1 Nevada, 584 ; *Mitchell*

v. *Bromberger,* 1 Nevada, 607; *Fox* v. *Barstow et al.,* 1 Nevada, 612.)

The recitals in judgment do not show that defendant consented that judgment should be entered for gold coin; even if such consent was given, it could not authorize the Court to do an act which is illegal, and in violation of the Act of Congress.

*Crittenden & Sunderland,* for Respondents, made the following points:

1. There is no error in the judgment which requires reversal, or even modification.

2. If there is any error in the judgment, it should be corrected not by reversal, but by modification not affecting rights arising under the judgment.

3. The judgment in this case was entered by consent in open court, and appellant cannot object to its form. However valid an objection may exist to it, consent waives it. The appellant is estopped from raising it. The maxim " *Volente non fit injuris,*" applies. (2 Bouvier's Law Dictionary, 149; 2 Burrill's Law Dictionary, 1049; 1 Phillips on Evidence, 458; *Meerholz* v. *Sessions,* 9 Cal. 277; *O'Dougherty* v. *Aldrich,* 5 Denio, 385; *Brotherton* v. *Hart,* 11 Cal. 405; *Treadwell* v. *Wells,* 4 Cal. 263; *Imley* v. *Beard,* 6 Cal. 666; *Holmes* v. *Rogers,* 13 Cal. 200; *Coryell* v. *Cain,* 16 Cal. 572; *Sleeper* v. *Kelly,* 22 Cal. 456; *Milliken* v. *Sloat,* [in re-hearing] 1 Nevada; *McConnell* v. *White,* Minor, 112, cited 2 U. S. Digest, p. 189, § 837.)

The judgment is not founded on the stipulation. It does not purport to be founded on it, but is subsequent and overrules it. The stipulation was waived by the subsequent appearance of defendant, and consent to a different judgment. (Cases above cited; *Coryell* v. *Cain,* 16 Cal. 572; *De Leon* v. *Heguera,* 15 Cal. 494.)

It cannot be shown in this Court that the fact was not in truth as stated in the judgment—that is, that the defendant " did not confess judgment as stated, but only intended to confess it in the form warranted by the stipulation." Such a question must be first raised in the District Court, upon a motion to correct the entry of judgment. ( *Clark* v. *Forshay,* 3 Cal. 291.)

Opinion by BEATTY, J., BROSNAN, J., concurring.

This was a case in which judgment was rendered against defendant upon two promissory notes and an account.

The judgment is in terms for *gold coin* of the United States, and the only error complained of is that the judgment calls for coin, when under the rulings of this Court, in *Burling* v. *Goodman,* the judgment should have been for money generally, and not for any particular kind of money.

The respondents make two answers to this assignment of error.

*First*—The judgment in this case was rendered in its present form by consent of appellants, and therefore they are estopped from appealing or complaining of any errors in the judgment.

*Second*—That the words "gold coin" are mere surplusage, and do not affect the validity of the judgment, or make it different in effect from what it would be if these words were not employed.

On the first point, two things are to be considered. First, did the appellants consent to the rendition of judgment in its present form; second, if they did assent, does it preclude them from now objecting.

When the case was first before the Court, it would seem the defendant (appellant) answered—filed some sort of petition, and made some motion in the case. Before the petition was disposed of, the following stipulation was filed:

"It is hereby consented and stipulated that the answer, petition, and motion on the part of defendant above named, are hereby withdrawn, and plaintiff allowed to take judgment according to the facts stated in their complaint."

Immediately after the filing of this stipulation in this case, judgment was entered, and in the judgment is this recital: "and by consent of the said attorneys in open court the answer, petition, and motion of the defendant are withdrawn, and that judgment be rendered in favor of the plaintiffs and against the defendant for the several sums mentioned in the complaint herein, with the interest thereon, as claimed in said complaint."

It is not claimed that the stipulation authorizes a gold coin judgment, but it is said the words "as claimed" in the foregoing quotation from the recitals of the judgment refer to the character of the

judgment asked for in the prayer of the complaint, and the entry of judgment in gold coin. We think the phrase " as claimed" refers simply to the *interest* claimed. It means, taken altogether, that plaintiff may take judgment for the sums claimed in the complaint, with interest at *the rates claimed* in the complaint. We think the recitals have reference to the amounts and rates of interest admitted by defendant, and not to the form of judgment.

That was fixed by law, and required no admissions from the defendant; and none, in our opinion, is expressed or intended to be expressed in this recital.

We are satisfied if the defendants had in the most unequivocal manner consented to a judgment for gold coin, this Court would still have been bound, on appeal, to reverse or modify the judgment. When a defendant consents to a judgment against himself he must be held to admit every possible fact consistent with the pleadings which would be necessary to support the judgment. It may also be held that by consent he waives all errors. But no defendant can by consent confer power or jurisdiction on a Court to enter an illegal judgment or a judgment beyond the jurisdiction of the Court. If a man is on trial for larceny in a Court only having criminal jurisdiction, he can plead guilty; but he cannot at the same time authorize the Court to enter judgment in damages against himself and in favor of the prosecutor for the value of the goods stolen. So a man, if sued for a debt in a Court of civil jurisdiction, may come into a Court and assent to a judgment for the money, but he could not authorize the Court to add to the judgment an order that if the same was not paid in a certain time defendant should be imprisoned until the debt was paid.

In this case no judgment could be entered in gold coin without an express violation of law. We do not think defendant could authorize the Court to violate law.

With regard to the second point, that the words " gold coin" are mere surplusage, void and without effect under the rulings of this Court, we are compelled to differ with the counsel for respondent.

We do not hesitate to say that a tender of legal tender notes made and kept good would discharge a judgment for gold coin. But on the other hand, the Sheriff must obey the orders of the

Court of which he is an officer.   If the Court orders him to sell property for gold he must do so, or he is in contempt.   The order, then, that the judgment must be made in gold coin, although void, is an order made by a Court having jurisdiction of the defendant, and also of the action in which the order is made.

This order, although void, may operate unjustly to defendant, and we see no reason why this Court may not correct it.   This Court has jurisdiction of the parties and of the action, and we think should correct all illegal orders made in the case, although perchance where the order is clearly void the defendant might be able to maintain an action against a ministerial officer enforcing it.   Appellate Courts frequently set aside void judgments, as well as those which are merely erroneous and not void.     (See *Gray et al.* v. *Schupp*, 4 Cal. 85; *Zander* v. *Coe*, 5 Cal. 230; *Rudolph* v. *Thalheimer et al.*, 2 Kirnan, 593.)     We have modified all judgments of this character heretofore before us, except in the case of *Mitchell & Hundley* v. *Bromberger*.   That we reversed, because there were other seeming errors, and it did not appear to us full justice would be done either party by a simple modification.   In this case we will pursue the same practice as heretofore in similar cases.

The judgment in the Court below must be so modified as to strike out all that part of it which relates to gold coin.

The Court below is ordered to make such modification.   The appellant will recover its costs in this Court.