### No. 1,997.

### TAY, BROOKS & BACKUS, RESPONDENTS, *v.* CHARLES A. HAWLEY, APPELLANT.

PARTY TO AN ACTION ON A JUDGMENT AGAINST ONE OF TWO JOINT DEBTORS.—The party not served with process, in an action against defendants jointly indebted (under the 32d Section of the Practice Act), is not a proper party defendant in an action upon the judgment against the party on whom service of process was made.

CONSTITUTIONAL LAW.—SECTION 32, PRACTICE ACT.—The validity of the 32d Section of the Practice Act, so far as it authorizes a judgment on an execution against any of the property of the party not served, commented on, and questioned.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

The case is stated in the opinion.

*Barstow & Tompkins,* for Appellant.

There can be no doubt of the fact that at common law *all* the parties to a joint obligation must be made parties to an action thereupon.

This rule has not been abrogated by the statutes of the State of California, but now, as ever, a several action can only be maintained *in this* State against one of several joint obli-

gors by showing that the other joint obligors have been, *by operation of law*, released from their obligation.

The 32d Section of the Practice Act does not change this rule. So far from authorizing a several action against one of several joint obligors it carries the rule so far as to allow a judgment to be entered against joint obligors who have not been served. It modifies the form of the execution to be issued in such judgment, but does not change the character of the judgment itself. A several judgment could not have been entered in said act against Hawley or Shiverick. (*Kelly* v. *Van Austin*, 17 Cal. 564.)

This judgment then, which is a joint judgment against Hawley & Shiverick, is the foundation of the present action against Hawley alone. If the original judgment is joint, it is a joint cause of action against Hawley & Shiverick and a several action cannot be maintained upon it against Hawley alone. If several, under what statute was it entered or authorized? It seems to us too clear for argument that the judgment against Hawley & Shiverick is a joint cause of action against both of the defendants therein, which cannot be made the basis of a several action against either, without an averment in the complaint and corresponding proof that the liability of the other party ceased *by operation of law*.

*Walter Van Dyke*, for Respondents.

RHODES, C. J., delivered the opinion of the Court:

The plaintiffs sued Hawley & Shiverick, and the process having been served only upon Hawley, they recovered a judgment, which, after reciting that Shiverick had not been served with process, adjudged that plaintiffs recover of both of the defendants the sum of money therein mentioned, and that the plaintiffs have execution against the joint property of both defendants, and the separate property of Hawley. The present action was brought upon that judgment, against Hawley alone. The defendant, in his answer, sets up the non-joinder of Shiverick, alleging that the judgment sued upon is a joint judgment against both him and Shiverick.

The statute, in terms, authorizes the entry of a judgment of the character of the one presented in this case, where suit is brought on a joint contract, and one or more, but not all, of the defendants are served with process. (Practice Act, Sec. 32.) The section provides that "if the action be against defendants jointly indebted upon a contract, he may proceed against the defendants served, unless the Court otherwise direct"—that is to say, unless the Court requires the other defendants to be served before proceeding to trial and judgment. If he does "proceed against the defendant served," the section provides that he shall take judgment against all of the defendants, to be enforced against the joint property of all the defendants, and the separate property of those served. By the terms of the statute, the plaintiff proceeds only against the defendants served, and judgment is entered against them, but not against those who were not served. The defendants not served are not bound by the judgment, nor are they personally liable for its satisfaction; but the statute provides that the property in which they are jointly interested with the other defendants, may be taken in execution for the satisfaction of the judgment. This provision of the statute will hereafter be noticed.

When cases involving this or similar provisions of the statutes of other States have been under consideration, it has been repeatedly held that the statute changed the common law rule, which is that in an action upon a joint contract the plaintiff must recover against all or none. (*People* v. *Frisbie,* 18 Cal. 402; *Lewis* v. *Clarkin, Id.* 399.) The language of those cases clearly indicates that, under the statutory rule, the plaintiff may recover upon a joint contract against one, or any number less than all, of the joint debtors; that is to say, he may take judgment in the usual form against those served, and, in addition, the judgment may be enforced against the joint property of all the joint debtors. But the judgment is against those only who were served with process.

The statute provides that the "joint property" of all the defendants may be taken in execution for the satisfaction of the judgment, but none of the cases in this Court defines

such joint property. We have not noticed in any of the cases in New York that the question has been distinctly passed upon, as to what property constitutes the "joint property" mentioned in the statute; but it is assumed in several cases that it is partnership property which is meant by that term. (*Mason* v. *Denison*, 15 Wend. 64; *Mervin* v. *Kumbel*, 23 Wend. 293; *Sterne* v. *Bentley*, 3 How. Pr. Rep. 331.) In *Mason* v. *Denison*, it is said that the term applies to the property which one defendant might apply to the satisfaction of the debt, without consulting his co-contractor. Accepting the restriction indicated in that case, or even limiting the meaning of "joint property" to partnership property of the persons alleged to be joint debtors, we are utterly unable to see how a judgment that is to be enforced against the interest in such property of a person who has not been served with process, and has not appeared in the action, can be maintained. It is a cardinal principle of jurisprudence that a judgment shall not bind or conclude a man, either in respect to his person or property, unless he has had his day in Court. No person shall be deprived of life, liberty or property without due process of law, says the Constitution; but this principle is older than written Constitutions, and, without invoking the constitutional declaration, every person may, as a matter of common right, insist that he be heard in his own defense before judgment passes, which binds, charges or injuriously affects his person or his estate. It is no answer to say that the judgment affects only the joint property of the defendants—property that either of the debtors might apply to the satisfaction of the common debt —for that assumes that the defendants are joint debtors, and that may be to the defendant who is not served, the vital point of the controversy. He may be ready to admit every allegation of the complaint, except that he is a party to the contract; or he may even admit the contract, and yet be ready, if an opportunity were presented, to make a successful defense, on the ground of fraud, failure of consideration, payment, accord and satisfaction, etc. The defendant who is served may be ignorant of the defenses upon which his co-defendants would rely, or he may, either negligently or

purposely, omit to present them. And, whatever his answer may be, he only answers for himself; and there is nothing in the law regulating the acquisition or disposition of joint property, which confers upon one joint owner the right to defend actions for his fellows. Unless it can be shown that such property is under the ban of the law, a judgment which subjects to execution the interest of a person who has had no opportunity to be heard in the action, cannot be upheld without violating principles which lie at the base of all judicial proceedings.

There have been several cases in this Court, involving the consideration of this statute, and this question does not seem to have been presented or considered, but the validity of the statute seems to have been tacitly assumed. This case might, perhaps, have been disposed of without noticing the question; but, convinced as we are that the provision of the statute cannot stand consistently with the Constitution or with principles of jurisprudence of universal recognition, we avail ourselves of the present opportunity to express our disapprobation of the provision of the statute under consideration. In New York the validity of a similar statute is recognized, and actions on the judgment have been maintained against the defendants not served. (*Dando* v. *Tremper*, 2 Johns. 87; *Bank of Columbia* v. *Newcomb*, 6 *Id.* 98; *Taylor* v. *Pettibone*, 16 *Id.* 66.) In the subsequent case of *Mervin* v. *Kumbel*, (23 Wend.) it was considered that the authority of those cases was binding upon the Court; but it is evident from the opinions delivered in the case, and particularly that of Mr. Justice Bronson, that the judgment, so far as it affects the defendants not served, cannot be sustained on any sensible or even plausible ground. To say that a person is liable to an action on a judgment, but that he may, in that action, litigate the cause of action upon which the judgment was rendered—to hold that he may be sued upon the judgment, but that, if he pleads the proper matters in defense, the judgment is not even *prima facie* evidence against him, is, to our minds, altogether unsatisfactory and illogical.

There is a further ground for holding that the defendant who was not served is not a proper party to an action on the judgment. Provision is made in the Code by which a defendant who was not originally served with the summons may be bound by the judgment. (Secs. 368 to 373.) He is summoned to show cause why he should not be bound by the judgment, and he may answer the complaint, as he might have done, had he been originally served, or he may deny the judgment, or may set up any defense that may have arisen subsequently to the judgment. These proceedings furnish, in our opinion, the exclusive mode by which he can be bound by the judgment, and they necessarily imply that he is not already bound by it. The action is really an action on the original joint contract, and matters of defense in respect to the judgment, are merely incidental to the action. Were it not for the statute, no action could be maintained against him on the contract, for the reason that it would become merged in the first judgment; and the merger is restrained only for the purpose and to the extent of enabling the proceedings to be had, as prescribed in the statute. Those provisions of the statute are useless, if it is true that an action can be maintained on the judgment against a defendant not served in the former action.

Judgment affirmed.

Mr. Justice SPRAGUE expressed no opinion.