[Civ. No. 1772. First Appellate District.—November 16, 1916.]

# W. W. COLQUHOUN, Respondent, v. THOS. W. PACK et al., Defendants; HENRY E. LEE, Appellant.

Proceeding Against Joint Debtor—Evidence—Joint Obligation.—In a proceeding under section 989 of the Code of Civil Procedure, which provides that when a judgment is recovered against one or more of several persons, jointly indebted upon an obligation, those who were not originally served with summons and did not appear in the action may be summoned to show cause why they should not be bound by the judgment, evidence that the defendant thus summoned was associated with the defendant against whom judgment was obtained in the ownership of certain placer claims, and that the latter bought supplies from the plaintiffs for the purpose of developing such claims, and that the former never at any time repudiated liability for such supplies, but on the other hand endeavored to raise money to pay for the same, sufficiently shows a joint indebtedness, in view of the presumption created by section 1431 of the Civil Code that an obligation imposed upon several persons is joint.

Id.—Agency—Undisclosed Principal.—The fact that a principal's connection in a transaction is not disclosed will not relieve him from obligation thereon, where such obligation was created for and on behalf of himself and the person acting as his agent.

Id.—Action for Goods Sold—Joint Indebtedness — Evidence — Declarations of Defendant to Associate—Previous Proof of Agency not Required.—In an action for goods sold, it is not error to permit one jointly liable with the defendant to testify as to conversations had with the defendant concerning the transaction without first showing the existence between them of the relationship of principal and agent.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Daniel C. Deasy, Judge.

The facts are stated in the opinion of the court.

H. L. Clayberg, Clark Clement, and Clayberg & Whitmore, for Appellant.

Joseph K. Hutchinson, and Walter Slack, for Respondent.

LENNON, P. J.—This is an action for the value of goods, wares, and merchandise alleged to have been sold and deliv-

32 Cal. App.—7

ered by plaintiff's assignors to the defendants Thomas W. Pack, T. O. Toland, and Henry E. Lee at their special instance and request.

The original summons was not served upon the defendant Lee. On February 4, 1913, a default judgment was entered against the defendant Pack. With this judgment as a basis, plaintiff, pursuant to the provisions of section 989 of the Code of Civil Procedure, procured the issuance of a summons directed to the defendant Lee, commanding him to show cause why he should not be bound by the judgment against Pack in the same manner as though he had been originally served with summons. Responding to this summons defendant Lee appeared in the action by filing an answer, in which, pursuant to the provisions of section 992 of the Code of Civil Procedure, he specifically denied any liability on the obligation upon which the judgment against the defendant Pack was recovered, and thereby put in issue all the material allegations of the plaintiff's complaint as fully and effectively as he might have done in the first instance had the original summons been served upon him.

Upon the issues thus raised the trial court, among other things, and in addition to finding the prior rendition and entry of the judgment against the defendant Pack, found that the plaintiff's assignor had sold and delivered goods, wares, and merchandise of the reasonable value of $953.05 to the defendants Thomas W. Pack and Henry E. Lee, and to each of them, at the special instance and request of each, and that no part of said sum had been paid save the sum of three hundred dollars. From its findings the trial court deduced the conclusion of law that the defendant Lee was bound by the judgment against the defendant Pack to the extent of $653.05 with interest thereon from the first day of March, 1912, in the same manner as though he had been originally served with summons. Judgment was accordingly entered against Lee in the sum of $786.25, from which and an order denying a new trial he has appealed.

Upon the trial of the case the plaintiff presented the testimony of three witnesses—that of the defendant Pack and C. J. and E. J. Teagle, plaintiff's assignors. No evidence was produced and no evidence of any kind offered on behalf of the appealing defendant. The defendant Pack testified, in effect, that he and the defendants Lee and Toland were asso-

ciated in the ownership of certain placer claims located by
them at Searles Borax Lake; that he and they had arranged
for the performance of certain assessment work to be done on
these claims; that defendants Lee and Toland instructed him
to take a party of laborers to the claims to do that work; that
the defendant Lee employed one Varney to take these laborers
and provisions for them in automobiles to the camp which
he, Pack, was to establish on the lake; that he established the
camp and bought supplies for several days from the Teagles,
plaintiff's assignors; that he requested the Teagles to let Var-
ney have what was needed at the camp; that he later repeated
this request at the express direction of the defendant Lee;
that subsequently in April, 1912, he, at the defendant Lee's
direction, wrote the Teagles promising payment; that Lee,
during the spring of 1912, endeavored to raise the money
necessary to pay the Teagles for the goods purchased from
them; that the defendant Lee never at any time repudiated
the bill due the Teagles, but, on the contrary, declared that
he would pay the same "as soon as he could get the money."
The testimony of the Teagles, which was presented in the
form of depositions, established the reasonable value of the
merchandise in question to be the sum of $953.05, and the
delivery of the same to Varney for use at the camp established
by Pack and maintained by all of the defendants for the per-
formance of the assessment work hereinbefore referred to.
Their testimony, however, showed that but three hundred dol-
lars had been paid on account, and that their claim against
the defendants had been duly assigned to the plaintiff.

The foregoing résumé of the evidence adduced in support
of the plaintiff's case is made in response to the contention
that the evidence fails to show that the defendants Pack and
Lee were jointly indebted to plaintiff's assignor, and that
therefore the plaintiff failed to bring his case within the pro-
visions of section 989 of the Code of Civil Procedure.

That the defendant Pack was liable for the payment of the
indebtedness in suit was established beyond controversy by
the judgment previously entered against him; and that the
defendants Lee and Pack were principals in the transaction
out of which the obligation arose was, we think, sufficiently
shown, and therefore the obligation in suit was imposed upon
both.    Consequently the presumption prevails that the obliga-
tion was joint (Civ. Code, sec. 1431). The fact that the de-

fendant Lee's connection as a principal in the transaction was not disclosed to plaintiff's assignors will not avail to relieve him of an obligation which was created for and in behalf of him and his codefendant. (*Dashaway Assn.* v. *Rogers,* 79 Cal. 211, [21 Pac. 742].)

The trial court did not err in its ruling permitting the defendant Pack to testify to conversations with the defendant Lee without first showing that the relation of principal and agent existed between them. The testimony of the defendant Pack contained no suggestion that he was acting as the agent of the defendant Lee in the transaction in suit in any respect save that which may have been implied from the fact that the defendants Toland and Lee were associated with him in the ownership and operation of the placer claims which they had located at Searles Borax Lake. Moreover the joint obligation having been established, the testimony of Pack concerning the conduct and conversations of Lee in connection with the transaction in suit was rightfully received in evidence (Code Civ. Proc., sec. 1870, subd. 5).

The judgment and order denying a new trial are affirmed.

Kerrigan, J., and Richards, J., concurred.