VERA OSMAN, APPELLANT, *v.* HARRY COBB AND SONIA LUBIN COBB, RESPONDENTS.

No. 4275

March 8, 1961                    360 P.2d 258

*Harry E. Claiborne,* of Las Vegas, for Appellant.

*Calvin C. Magleby,* of Las Vegas, for Respondents.

**OPINION**

By the Court, BADT, C. J.:

One of the grounds asserted for reversal of the judgment in favor of respondents is that the supposed presiding district judge who signed the purported judgment was not a judge at the time.

Respondents' answering brief discusses other issues raised in the opening brief but ignores the above assignment. They have advised the court that they can make no response to such assignment and have stipulated to the following facts:

The action was commenced in August 1954, respondents filed their answer in December of that year, and the case was tried on May 7 and 8, 1958, at which time the court ordered the matter submitted on briefs. In the trial court plaintiff's opening brief was filed on August 13, 1958, defendants' answering brief was filed December 3, 1958, and plaintiff's reply filed December 5, 1958. No explanation appears for the lapses of time involved. It may be noted that at the general election held November 4, 1958 Judge Watson was defeated for reelection by a narrow margin, and that contest proceedings extended

for a number of months into 1959. This only increases the confusion with reference to filing the final briefs in December of 1958. His term of office expired December 31 of that year. No action was taken by him until February 9, 1959 when he filed his decision in favor of the defendants, respondents herein, and on February 17, 1959 he signed the judgment in favor of respondents as defendants therein and against plaintiff, the appellant here. Such judgment was not filed or entered until November 10, 1959.

The filing with the clerk of the judgment signed by the judge constitutes the entry of such judgment, and the judgment is ineffective for any purpose until the entry thereof. NRCP 58(c).

It is true that under NRS 3.180, paragraph 1, a judge may at any time within 12 months after the expiration of his term sign any records of his court that he may have left unsigned at the time of his going out of office. However, under paragraph 2 of that section, judges about to retire from office, "by reason of resignation or the expiration of their term," are required before such retirement to decide all cases and matters submitted to them and remaining undetermined.

From the facts as presented to us no criticism can be directed to Judge Watson. The case was at issue in 1954. It was not brought to trial till 1958, when it was ordered submitted on briefs. Counsel took almost seven months to get their briefs filed, leaving the judge about 26 days (which included the Christmas holidays) to decide a case which had been cold for some seven months.

Under our statute and rules of court, and under the rule so well established as not to require citation, the judgment rendered and entered by a judge subsequently to the expiration of his term of office was void and must be vacated.

One additional point requires attention. The cases are in hopeless conflict with reference to the appealability of a void judgment. See annotation, 33 L.R.A. (N.S.) 733.

This court, however, has since its beginnings held that an appeal from a void judgment might properly be considered and acted upon. Chapman v. Justice Court, 29 Nev. 154, 86 P. 552, 99 P. 1077; Jumbo Mining Co. of Goldfield v. District Court, 28 Nev. 253, 81 P. 153; Hastings & Co. v. Burning Moscow Company, 2 Nev. 93.

The judgment is vacated and the case remanded for further proceedings. In view of the facts above recited and in view of the failure of appellant to seek relief in the district court under NRCP 60(b)(3) where such relief could have been obtained more quickly, easily, and inexpensively, no costs are allowed.

PIKE and MCNAMEE, JJ., concur.