**133 Nev., Advance Opinion 44**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MARGARET RAWSON,
Petitioner,
vs.
THE NINTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
DOUGLAS; AND THE HONORABLE
MICHAEL P. GIBBONS, DISTRICT
JUDGE,
Respondents,
and
PEGGY CAIN; JEFFREY CAIN; AND
HELI OPS INTERNATIONAL, LLC,
Real Parties in Interest.

No. 71548



FILED

JUN 29 2017



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for writ of mandamus or prohibition challenging a district court order adding petitioner to a prior judgment in a judgment debtor action.

*Petition denied.*

Dubowsky Law Office, Chtd., and Peter Dubowsky, Las Vegas,
for Petitioner.

Matuska Law Offices, Ltd., and Michael L. Matuska, Carson City,
for Real Parties in Interest.

BEFORE PICKERING, HARDESTY and PARRAGUIRRE, JJ.

*OPINION*

By the Court, HARDESTY, J.

In this original petition for extraordinary relief, we examine whether proceedings under the judgment debtor statutes, NRS 17.030-.080, give rise to a final, appealable judgment that would preclude review of the judgment through a petition for extraordinary writ relief and, if so, whether we should nevertheless consider this writ petition because the underlying district court order is allegedly void. We conclude that a judgment debtor proceeding is a postjudgment action independent from the underlying action with its own statutory procedure allowing for notice and an opportunity to be heard and a resulting judgment. Thus, a final order adjudicating a judgment debtor proceeding is appealable under NRAP 3A(b)(1), and such an appeal is generally a plain, speedy, and adequate remedy that precludes extraordinary writ relief. Although petitioner asserts that the challenged order is void and may be challenged by writ petition on that basis, the principles governing extraordinary writ relief direct otherwise when the petitioner could have appealed the challenged order. Accordingly, we decline to consider petitioner's arguments concerning whether the challenged order is void and deny this petition for extraordinary writ relief.

*FACTS AND PROCEDURAL HISTORY*

Real parties in interest Peggy and Jeffery Cain are the principals of Heli Ops International, LLC (collectively Heli Ops). Heli Ops loaned C4 Worldwide, Inc., $1 million to invest in collateralized mortgage obligations (CMOs), and C4 was required to repay Heli Ops $20 million

with 9 percent interest. Instead of investing in CMOs, C4's principals, among them Chairman and CEO D.R. Rawson, allegedly diverted the $1 million for their personal use. C4 defaulted on the loan, and D.R. Rawson signed a settlement agreement acknowledging the $20 million debt. D.R. Rawson defaulted on the settlement agreement, and Heli Ops sued, naming D.R. Rawson, C4, and five other defendants, but not naming petitioner Margaret Rawson, who is the wife of D.R. Rawson and was listed as C4's treasurer. D.R. Rawson, C4, and two of the other defendants failed to defend the lawsuit, and Heli Ops obtained a $20 million default judgment against them, plus interest, costs, and attorney fees, for a total judgment in excess of $29 million.

In the collection process on the default judgment, Heli Ops traced some loan proceeds to Margaret's accounts and instituted garnishment and joint debtor proceedings against her. The district court issued an NRS 17.040 summons directing "Margaret Rawson to appear and show cause why she should not be bound by the Default Judgment," and the summons was served on her. Margaret requested garnishment exemptions and moved to quash the summons, challenging the legal bases for Heli Ops' institution of judgment debtor proceedings against her under NRS 17.030. Heli Ops opposed the motion. After the district court asked the parties if they wanted a hearing on the motion to quash and neither party responded, the motion was submitted on the briefs, evidence, and previous testimony. In a February 2014 order, the district court denied Margaret's request for garnishment exemptions and her motion to quash, finding that she failed to present "a credible defense to the wrongful diversion of funds from [C4] to her bank accounts" and "failed to show cause why she should not be added to the [default] judgment and be bound

by its terms." *See* NRS 17.030. The order concluded that Margaret "shall be bound by the Default Judgment in all respects and as if she had been named in the original complaint and the Default Judgment." Heli Ops served notice of the order in February 2014.

Margaret filed a bankruptcy petition in February 2015, staying enforcement of the judgment. The Bankruptcy Court denied Margaret discharge of the judgment debt in August 2016, and Heli Ops has since sought to enforce the judgment. In October 2016, Margaret filed this writ petition challenging the portion of the district court's order that added her to the default judgment as a joint debtor.[1] Thereafter, we directed Margaret to show cause why the petition should not be denied because the challenged order was a final judgment, from which she had an adequate remedy in the form of an appeal. Margaret responded, and Heli Ops filed a reply.

## DISCUSSION

In general, this court declines to consider petitions for extraordinary writ relief when the petitioner has a plain, speedy, and adequate remedy in the ordinary course of the law, such as an appeal that will encompass the challenged order. NRS 34.170; NRS 34.330; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224-25, 88 P.3d 840, 841 (2004) (explaining that writ relief is not available to correct an untimely notice of appeal). In addressing whether the challenged order is a final judgment from which she could have appealed, Margaret argues

---

[1]Margaret's writ petition does not challenge the portion of the district court's order pertaining to garnishment.

that the order was interlocutory and, regardless, she was not a party to the underlying litigation and thus did not have the right to appeal the order. She further argues that writ relief is appropriate because this court has never explained the judgment debtor statutes and the order adding her to the default judgment is void on due process grounds. In determining whether to consider Margaret's writ petition, we must examine the joint debtor statutes to determine whether an order resolving a joint debtor proceeding is a final, appealable order. *See Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558; *cf. Meritage Homes of Nev., Inc. v. FDIC*, 753 F.3d 819, 825-26 (9th Cir. 2014) (commenting that Nevada has no caselaw on the statutes governing joint debtor proceedings).

*An order resolving a joint debtor proceeding is a final, appealable order, rendering extraordinary writ relief unavailable*

At common law, a creditor could sue joint debtor defendants together, but if all of them could not be found, then the creditor could elect to serve those defendants that could be found and served. *See Tay, Brooks & Backus v. Hawley*, 39 Cal. 93, 98 (1870); *Meller & Snyder v. R & T Props., Inc.*, 73 Cal. Rptr. 2d 740, 744 (Ct. App. 1998). If a creditor did elect to so proceed, then he forfeited his right to proceed against the non-served joint debtors because the joint obligation was deemed to merge into the judgment obtained against the served and prosecuted debtors. *Tay, Brooks & Backus*, 39 Cal. at 98; *Meller & Snyder*, 73 Cal. Rptr. 2d at 744.

Nevada modified the merger effect of the common law rule in NRS 14.060(1) and created a process to extend a judgment entered against one joint debtor to an unserved joint debtor through NRS 17.030-.080. *See Tay, Brooks & Backus*, 39 Cal. at 98 (stating that the comparable California statutes were also enacted to address the common law merger

effect); *Meller & Snyder*, 73 Cal. Rptr. 2d at 744. Together, these statutes provide that joint debtors who were named as defendants, but not originally served, may be served with a summons after the judgment has been entered against the other joint debtors and "summoned to show cause why they should not be bound by the judgment in the same manner as though they had been originally served with the summons." NRS 17.030. The summons "shall describe the judgment, and require the person summoned to show cause why the person should not be bound by" the judgment. NRS 17.040. "It shall not be necessary to file a new complaint." *Id.* Instead, the summons, affidavit, original complaint, original judgment, and the joint debtors' answers constitute the pleadings in the joint debtor action. NRS 17.070. Joint debtors who were not originally served may raise any available defenses that arose subsequent to the original judgment or any defenses to the original action, except for the statute of limitations. NRS 17.060; NRS 17.070. If the joint debtors contest the debt and file answers, "[t]he issues formed may be tried as in other cases," but if a judgment is rendered against the joint debtor defendants, the damages may only be for the "amount remaining unsatisfied on such original judgment, with interest thereon." NRS 17.080.

These statutes provide for new service of process, a new set of pleadings, the availability of all defenses except for the statute of limitations, a trial on the issues "as in other cases," and a separate judgment. NRS 17.030-.080. Therefore, a joint debtor action is a new action against the previously unserved joint debtors, independent from the underlying action against the originally served debtors. *Id.*; *see also* 30 Am. Jur. 2d *Executions and Enforcements of Judgments* § 10 (2005).

This interpretation is consistent with jurisprudence interpreting California's joint debtor statutes, *see, e.g., Waterman v. Lipman*, 6 P. 875, 875-76 (Cal. 1885); *Tay, Brooks & Backus*, 39 Cal. at 94; *Colquhoun v. Pack*, 161 P. 1168, 1168-69 (Cal. Ct. App. 1916), which are analogous to Nevada's statutes, Nev. Rev. Laws §§ 5243-5248 (1912) (referencing Cal. Civ. Proc. Code (CCP) §§ 989-994 (1909)).[2] The court in *Meller & Snyder* examined CCP §§ 989-994, noting that the statutory language contemplated that the joint debtors were required to be summoned *"in the same manner as though they had been originally served with the summons,"* the joint debtors could deny liability and assert *"any defense existing at the commencement of the action,"* and that "[t]he issues so formed *'may be tried as in other cases.'"* 73 Cal. Rptr. 2d 740, 748-49 (quoting CCP §§ 989, 992, and 994, italics added by *Meller & Snyder*). The *Meller & Snyder* court interpreted this language to mean that where joint debtors deny the underlying liability, the joint debtors "thereby put[ ] in issue all the material allegations of the plaintiff's complaint as fully and effectively as [they] might have done in the first instance had the original summons been served upon" them, and the joint debtors must "be given [their] day in court as in any other case . . . as if [they] had been served in the original proceeding." *Id.* at 748-49 (quoting *Colquhoun*, 161 P. at 1168). Although the court did not examine the particular issue of whether a joint debtor action was independent from the underlying action, the

---

[2]While Nevada's statutes have remained unchanged, the California Legislature has amended California's joint debtor statutes, but those amendments are not material to our discussion here. *See* CCP §§ 989-994 (West 2009).

matter in *Meller & Snyder* was itself an appeal from a joint debtor judgment, and the court held that where liability on the debt was contested, summary procedures were inappropriate and the plaintiff was required "to prove the merits of its case against th[e] [joint debtor] defendant[s]." *Id.* at 741, 750.

Also supporting our conclusion is the California courts' analysis of the role of due process in joint debtor proceedings. The California courts have recognized that due process requires a new action against the previously unserved joint debtors, because "a judgment which subjects to execution the interest of a person who has had no opportunity to be heard in the action[ ] cannot be upheld without violating [due process] principles." *Id.* at 747 (quoting *Tay, Brooks & Backus*, 39 Cal. at 97); *see Colquhoun*, 161 P. at 1168. This court has held similarly in related contexts. *Callie v. Bowling*, 123 Nev. 181, 184, 160 P.3d 878, 880 (2007) (holding, where a plaintiff sought to add a corporation's president to a judgment against the corporation, that "[t]he only method by which Bowling could have asserted her alter ego claim without jeopardizing Callie's due process rights was through an independent action against Callie with the appropriate notice").

Further, in analyzing the statutes governing postjudgment garnishment proceedings, this court recognized that garnishment proceedings are independent from the underlying action and that the resulting judgment in favor of or against the garnishee defendant constitutes a final judgment in the garnishment proceeding, which may be appealed under NRAP 3A(b)(1) and NRS 31.460. *Frank Settelmeyer & Sons, Inc. v. Smith & Harmer, Ltd.*, 124 Nev. 1206, 1213-14, 197 P.3d 1051, 1056-57 (2008). In doing so, we observed that "writs of garnishment

 

must be served in the same manner as a summons in a civil action," and that where contested, "the matter must be tried and judgment rendered, in a manner similar to civil cases." *Id.* As garnishment procedures are similar to those followed in joint debtor proceedings, both incorporate due process protections, and both are designed to result in a final judgment as to the garnishee or joint debtor, we perceive no reason to conclude that a judgment rendered in a joint debtor proceeding is not appealable.

Accordingly, we conclude that a joint debtor proceeding is an action independent from the underlying action, giving rise to a final judgment that may be appealed by an aggrieved party under NRAP 3A(a) and (b)(1). Therefore, Margaret had the right to appeal the joint debtor order in this case. She failed to do so. A right to an appeal is generally an "adequate and speedy legal remedy" that precludes writ relief, *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558, and a writ petition may not be used as a substitute to correct a party's failure to timely appeal, *Pan*, 120 Nev. at 224-25, 88 P.3d at 841. *See* 52 Am. Jur. 2d *Mandamus* §§ 38, 39 (2011). In these circumstances, Margaret's writ petition is generally subject to dismissal without further discussion. Margaret also argues, however, that even if the order was appealable, we should nevertheless consider her writ petition because the joint debtor order is void for lack of due process.[3]

---

[3]In her writ petition, Margaret also argues that she was not a party to the judgment debtor action because she was never named as a defendant and, thus, as a nonparty she did not have a right to appeal the judgment debtor order. Margaret does not dispute, however, that she was properly served and appeared in the judgment debtor action. This is sufficient to provide the district court with jurisdiction over her. *See Frank Settelmeyer & Sons, Inc.*, 124 Nev. at 1213, 197 P.3d at 1056

*continued on next page...*

*We decline to consider a writ petition challenging an allegedly void order when an appeal was available*

We have not previously considered whether a final, appealable judgment that is allegedly void may be challenged via writ petition when the petitioner failed to appeal the judgment. Many courts have concluded that an appealable, but void, order may be attacked through a petition for a writ of mandamus. This view is supported by two interrelated lines of reasoning. First, some courts have reasoned that a void order may be collaterally attacked at any time. *E.g., Friesen v. Friesen*, 410 P.2d 429, 431 (Kan. 1966) ("[A] void judgment or order is a nullity and may be collaterally attacked at any time."); *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012) ("A void judgment . . . can be collaterally attacked at any time."); *In re CAS Cos., LP*, 422 S.W.3d 871, 874 (Tex. App. 2014) ("Mandamus is available to correct a void order even if the order was appealable and the party requesting relief failed to pursue an appeal."); *see also Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973) ("It is one thing to say that a void order *may* be appealed from but it is another thing to say that it *must* be appealed from for it would be anomalous to say that an

---

*...continued*
("[G]arnishees who are properly served or appear formally become parties of record to the garnishment proceeding."). We therefore reject Margaret's argument that she could not appeal because she was not a party to the judgment debtor action. *Cf. Mona v. Eighth Judicial Dist. Court*, 132 Nev., Adv. Op. 72, 380 P.3d 836, 842-43 (2016) (holding that one of the petitioners could seek writ relief because she had not been named or served in her individual capacity in a foreign action and was thus not a party in that capacity to the domesticated collection action). We express no opinion, however, with respect to Margaret's arguments that the joint debtor statutes were improperly applied to her. Nothing in this opinion precludes Margaret from raising those arguments in another proceeding.

order void upon its face must be appealed from before it can be treated as a nullity and disregarded." (internal quotation marks omitted)). Second, other courts have reasoned that a void order is a nullity and will not confer jurisdiction upon an appellate court, and thus there is no appellate remedy for a void order even if the order would have otherwise been appealable. *E.g., Luken v. BancBoston Mortg. Corp.*, 580 So. 2d 578, 581 (Ala. 1991) ("[A] void judgment will not support an appeal . . . ."); *Universal Underwriters Ins. Co. v. Judge & James, Ltd.*, 865 N.E.2d 531, 543 (Ill. App. Ct. 2007) ("Additionally, although a void order may be attacked at any time, either directly or collaterally, the issue of voidness must be raised in the context of a proceeding that is properly pending in the courts. If a court lacks jurisdiction, it cannot confer any relief, even from prior judgments that are void. The reason is obvious. Absent jurisdiction, an order directed at the void judgment would itself be void and of no effect." (citations and internal quotation marks omitted)); *see also In re Trey H.*, 798 N.W.2d 607, 613 (Neb. 2011) (holding that while "[a] void order is a nullity which cannot constitute a judgment or final order that confers appellate jurisdiction," an appellate court may nevertheless determine if jurisdiction is lacking and order the lower court to vacate a void order or take other appropriate action).

Other courts have concluded that because the aggrieved party could have obtained all available relief through an appeal, a petition for a writ of mandamus challenging the void order is not an appropriate means to compel such relief. *E.g., Ex parte Town of Valley Grande*, 885 So. 2d 768, 771 (Ala. 2003) (holding that extraordinary writ relief may not be used "as a substitute for an appeal," and that because the parties seeking writ relief "had an adequate remedy by appeal . . . a writ of

mandamus . . . was not the appropriate means of review"); *Mischler v. Thompson*, 436 S.W.3d 498, 503 (Ky. 2014) ("Appellant's remedy for negating the entry of an invalid order signed, ostensibly by the judge, is to appeal. Appellant had the remedy of appeal, and she declined to do so. She is not, therefore, entitled to a writ of mandamus to compel the remedy she could have received on appeal."); *see also Gran v. Hale*, 745 S.W.2d 129, 130 (Ark. 1988) ("Had he appealed the convictions, the complaints he now raises could have been reviewed. Neither mandamus, certiorari, nor prohibition may be used as a substitute for appeal."). This reasoning focuses on the principles governing extraordinary writs, which direct generally that extraordinary writ relief will not issue in cases where the aggrieved party had "a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170; NRS 34.330; *see also* NRS 34.020.

In Nevada, however, void orders have historically been appealable. In *Osman v. Cobb*, we recognized that although the various jurisdictions "are in hopeless conflict with reference to the appealability of a void judgment[,] . . . [t]his court . . . has since its beginnings held that an appeal from a void judgment might properly be considered and acted upon." 77 Nev. 133, 135-36, 360 P.2d 258, 259 (1961) (citing *Hastings v. Burning Moscow Co.*, 2 Nev. 93, 97 (1866) (holding that an appellate court may on appeal set aside a void judgment or modify the portions of a judgment that are void)). This eliminates from our consideration the line of reasoning that a void order is a nullity that does not confer appellate jurisdiction.

Although there remains a conflict between the cases holding that a void order may be collaterally attacked at any time through a petition for an extraordinary writ, despite the availability of an appeal,

SUPREME COURT
OF
NEVADA

(O) 1947A

12

and the cases holding that mandamus is not appropriate where there is a plain, speedy, and adequate remedy, the second approach is specific to extraordinary writ relief and consistent with our jurisprudence. We have long held that the right to an appeal is generally a plain, speedy, and adequate remedy that precludes writ relief. *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558; *Pan*, 120 Nev. at 224, 228, 88 P.3d at 841, 843; *Bowler v. First Judicial Dist. Court*, 68 Nev. 445, 453-55, 234 P.2d 593, 598-99 (1951); *Walcott v. Wells*, 21 Nev. 47, 51, 24 P. 367, 368 (1890); *see also* NRS 34.020; NRS 34.170; NRS 34.330. This principle is not inconsistent with caselaw establishing that void orders may be collaterally attacked at any time. *See State ex rel. Smith v. Sixth Judicial Dist. Court*, 63 Nev. 249, 256-57, 167 P.2d 648, 651 (1946), *overruled on other grounds by Poirier v. Bd. of Dental Exam'rs*, 81 Nev. 384, 387, 404 P.2d 1, 2 (1965), *overruled on other grounds by Pengilly v. Rancho Santa Fe Homeowners Ass'n*, 116 Nev. 646, 648-49, 5 P.3d 569, 570-71 (2000). While void orders may indeed be collaterally attacked at any time, a party may use an extraordinary writ petition as the vehicle to attack a void order only when extraordinary writ relief is otherwise available. Such relief is not available when the petitioner had the right to appeal the challenged order because an appeal is a plain, speedy, and adequate remedy. Therefore, we

 

decline to consider petitions for extraordinary writ relief challenging a void order where the petitioner had a right to appeal the challenged order.

Accordingly, as Margaret had a right to appeal the challenged order, but failed to pursue it, we decline to consider the merits of her writ petition and deny it.[4]

_____, J.
Hardesty

We concur:

_____, J.
Pickering

_____, J.
Parraguirre

---

[4]In light of our conclusion, we decline to address the underlying question of whether the order is void for lack of due process. Nothing in this opinion, however, prohibits Margaret from challenging the joint debtor order as void in a different procedural context. *See* NRCP 60(b)(4); *Foster v. Dingwall*, 126 Nev. 49, 53-54 n.3, 228 P.3d 453, 456 n.3 (2010); *State ex rel. Smith*, 63 Nev. at 256-57, 167 P.2d at 651.